**NORTH ALAMO WATER SUPPLY CORPORATION, Appellant,**

v.

**TEXAS DEPARTMENT OF HEALTH and Browning–Ferris, Inc., Appellees.**

No. 3–91–181–CV.

Court of Appeals of Texas, Austin.

June 3, 1992.

Appellant's Motion for Rehearing Denied Aug. 26, 1992.

J.W. Dyer, Jarvis & Kittleman, P.C., McAllen, for appellant.

Dan Morales, Atty. Gen., Celina Romero, Cynthia Woelk, Asst. Attys. Gen., Austin, for Texas Dept. of Health.

J.B. Ruhl, Bruce A. Morris, Fulbright & Jaworski, Austin, for Browning–Ferris, Inc.

Before JONES, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

North Alamo Water Supply Corp. (North Alamo) appeals a district court judgment affirming the Texas Department of Health's (the Department's) decision to permit Browning–Ferris, Inc. (Browning–Ferris) to develop a solid-waste disposal facility in South Texas. North Alamo raises numerous points of error, alleging due process violations, lack of substantial evidence, and error pertaining to certain evidentiary issues. We overrule all of these points and affirm the judgment of the district court.

## THE CONTROVERSY

In 1987 Browning–Ferris applied to the Department for a permit to construct and

operate a landfill as a municipal solid waste disposal facility in Hidalgo County. The Solid Waste Disposal Act, Tex.Health & Safety Code Ann. §§ 361.001–.510 (Pamph. 1992) governs the management and control of solid waste materials in this state. *Id.* at § 361.002. The Act provides that, subject to certain exceptions, the Department of Health may require and issue permits authorizing and governing the construction, operation, and maintenance of solid waste facilities over which it has jurisdiction. *Id.* § 361.061.

Browning–Ferris's application for the permit was challenged by various entities, including North Alamo, a non-profit water supply corporation which owns a water reservoir and treatment facility within a quarter-mile of the proposed landfill. A water transmission line owned by North Alamo actually crosses the proposed landfill site. After lengthy hearings on the application, the Department issued Browning–Ferris a permit on September 19, 1988. The permit included a number of special provisions; Special Provision E especially concerned North Alamo and the other contesting parties:

> The seasonal high water table beneath the proposed site is established ... at three (3) feet, and the liner design and soil balance shall be revised accordingly.... [P]rior to any excavation on site for waste disposal purposes, the permittee shall submit to the Department the appropriate revised narrative portions, calculations, and drawings and other plans which may require revision as a result of the above limitation.

In seeking to overturn the Department's decision, North Alamo argued in the district court that a permit conditioned upon Special Provision E's revisions was not a final order. North Alamo asserted that Special Provision E required material alterations to the landfill design plans, but failed to afford the contestants any opportunity to challenge the revisions, thus denying them due process of law. In addition, North Alamo asserted that the findings of fact upon which the agency based its permit were contradictory and unsupported by the evidence. The district court upheld the Department's decision to grant the permit to Browning–Ferris.

On appeal, North Alamo brings twelve points of error. In the first five points, it complains of the district court's exercise of jurisdiction and assails particular evidentiary rulings. In the remaining seven points of error, North Alamo attacks the Department's findings of fact, as well as the Department's failure to find certain other facts.

## ANALYSIS

*The "Finality" Issue.*

■ We begin by addressing North Alamo's third point of error claiming that the permit issued was not a final order. North Alamo argues that because the permit was conditioned on the revisions set forth in Special Provision E, it was not a final agency order subject to judicial review. We disagree.

This Court has recognized that an agency permit may contain conditions that do not preclude its review as a final agency order. *See Walker Creek Homeowners Ass'n v. Tex. Dep't of Health Resources,* 581 S.W.2d 196, 198 (Tex.Civ.App.1979, no writ). In *Walker Creek* this Court held that "agencies may set certain conditions in a permit which must be satisfied before operation under the permit may commence." *Id.* at 198. We also limited the conditions that an agency may impose and still have issued a final order to those conditions not necessitating further agency approval. *Id.* Because the conditional permit in *Walker Creek* expressly required further agency approval, we held that it was not a final order subject to judicial review. In *Browning–Ferris, Inc. v. Johnson,* 644 S.W.2d 123 (Tex.App.1982, writ ref'd n.r.e.), this Court subsequently applied the *Walker Creek* principles to a state agency's grant of a waste-disposal facility permit. In *Johnson,* however, we concluded that the conditional permit was final because it did not require subsequent agency approval. *See id.* at 126–27.

The language of the contested permit before us today requires no subsequent approval from the Department. Rather, it requires only that Browning–Ferris submit to the Department "the appropriate narrative portions, calculations and drawings and other plans which may require revision as a result of the above limitation." *See* Special Provision E, *supra* page 450. North Alamo nevertheless argues that Special Provision E impliedly requires subsequent approval by the Department. We find this argument unpersuasive within the context of the overall permitting process. The Department's permit requires Browning–Ferris to comply with: (1) the permit's other express provisions, (2) the Solid Waste Disposal Act, and (3) the applicable agency regulations.[1] Special Provision E establishes a seasonal high-water table of three feet and dictates certain design revisions to accommodate this change in the water table. The revisions must meet the standards set forth in other provisions of the permit and in the Department's regulations. Otherwise, Special Provision E does not expressly or impliedly require any agency approval of the revisions. Rather, the Department's role is limited to ensuring that the revisions comply with the applicable statutes and regulations. *See id.* at 128; Solid Waste Disposal Act, Tex.Health & Safety Code Ann. §§ 361.221–.303 (Pamph.1992) (discussing enforcement of orders and permits); *see also* 25 Tex.Admin.Code. § 325.222 (1989) (Enforcement Policy). Because nothing in the provision requires subsequent agency approval, we conclude that the permit is a final agency order. We overrule North Alamo's third point of error.

*Claims of Due Process Violations.*

■ In its sixth and eighth points, North Alamo claims that because it was not given the opportunity to assail any of the design revisions, North Alamo was denied its rights to due process. The seventh point of error alleges that the Department's own rules proscribe issuing conditional permits. Because North Alamo participated in hearings on the contested permit and because the revisions required by Special Provision E did not call for subsequent agency approval, we believe North Alamo received all the process it was due.

This Court has previously held that due process requires but one adequate hearing in administrative proceedings. *Johnson*, 644 S.W.2d at 127 (citing *English Freight Co. v. Knox*, 180 S.W.2d 633 (Tex.Civ.App. 1944, writ ref'd w.o.m.)). Prior to issuing this permit to Browning–Ferris, the Department conducted hearings which addressed, among other things, the design of the landfill liner. North Alamo participated in those hearings and voiced its concerns. The Department subsequently required some revisions to the liner design to address North Alamo's concerns about the water table below the proposed landfill.

We believe the hearings have afforded North Alamo due process. North Alamo participated in the procedures which established a three-foot seasonal high-water table and required a more stringent liner design to protect this water table. Special Provision E requires Browning–Ferris to redesign its liner to accommodate this revised water table; compliance requirements are set forth in the Solid Waste Disposal Act and the Department's own regulations. The Department's sole remaining role is to ensure compliance with the applicable statutes and regulations. No additional hearings are required. We overrule North Alamo's sixth and eighth points of error.

■ In its seventh point, North Alamo complains that 25 Tex.Admin.Code § 325.-95(c) (1989) prohibits issuance of a permit with conditions. After reviewing the regulation, we detect nothing to support the claim that the Department violated its own procedures; indeed, the regulation actually countenances the use of special provisions where appropriate. *See id.* Furthermore, we have previously noted in *Walker Creek* that the Solid Waste Disposal Act specifi-

---

**1.** The Department has promulgated extensive regulations implementing the provisions of the Solid Waste Disposal Act. *See* Tex.Dep't of Health, 25 Tex.Admin.Code. §§ 325.1–.1009 (1989 & Supp.1992).

cally approved the issuance of conditional permits: "The permit shall include ... the terms and conditions on which the permit is issued...." *Walker Creek*, 581 S.W.2d at 198 (citing 1969 Tex.Gen.Laws, ch. 405, § 4(e)(2), at 1322 (Tex.Rev.Civ.Stat.Ann. 4477–7, § 4(e)(2), since repealed and codified at Tex. Health & Safety Code Ann. § 361.087(3) (Pamph.1992)). We overrule appellant's seventh point.

*District Court Decisions on Discovery and Expert Testimony.*

■ North Alamo sought to introduce evidence in the district court supporting its claim that the Department's decision to include Special Provision E violated North Alamo's due process rights. In points of error one, two, four and five, North Alamo argues that the district court's refusal to allow the requested discovery or to admit the expert testimony constituted an abuse of discretion. We overrule each of these points.

As a threshold matter, we note that a district court's review of an agency administrative order is limited to a review of the record developed before the agency. Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(d)(3) (Supp.1992) (APTRA). Thus, the district court ordinarily could not allow the introduction of evidence not contained in the agency record. There are two exceptions to this rule—a district court may consider newly-discovered evidence and evidence of procedural irregularities occurring before the agency. APTRA § 19(d)(2, 3). North Alamo attempts to invoke the latter exception by referring to procedural irregularities.

We reject the argument that including Special Provision E in this permit constitutes a procedural irregularity that allows introduction of new evidence before the district court under the exception in APTRA § 19(d)(3). North Alamo has not identified any irregularity in the Department's proceedings. The fact that Special Provision E may require subsequent design revisions as a condition of the permit does not suggest that the Department committed a procedural irregularity during the course of its hearings prior to the issuance of the permit. Because we believe the district court did not err in denying North Alamo's discovery requests, we overrule North Alamo's first, second, and fifth points of error.

North Alamo's complaint regarding the district court's exclusion of certain expert testimony fails as well. North Alamo attempted to introduce the testimony of an expert witness to show that Browning–Ferris's subsequent revisions actually constituted a redesign of the facility and not merely compliance with Department regulations. Again, North Alamo fails to illustrate any procedural irregularity during the hearings sufficient to trigger the exceptions allowing introduction of evidence at the district court. We overrule the fourth point of error.

*Substantial–Evidence Challenge.*

In its remaining four points of error, North Alamo challenges the evidentiary support for issuance of the contested permit. North Alamo attacks the Department's findings of fact as well as the Department's failure to make particular findings of fact. In doing so, it argues that a substantial-evidence review mandates reversal.

In *City of League City v. Texas Water Comm'n*, 777 S.W.2d 802 (Tex.App.1989, no writ), this Court summarized the standards governing appeal of an administrative order under the substantial-evidence rule:

1. The findings, inferences, conclusions, and decisions of an agency are presumed to be supported by substantial evidence, and the burden is on the party contesting the order to prove otherwise;

2. In applying the substantial evidence test, the reviewing court is prohibited from substituting its judgment for that of the agency as to the weight of the evidence of questions committed to agency discretion;

3. Substantial evidence is more than a scintilla, but the evidence in the record may preponderate against the de-

cision of the agency and nonetheless amount to substantial evidence;

4. The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency;

5. The agency's action will be sustained if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action.

*Id.* at 805 (citing *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452–53 (Tex.1984)). In attempting to reverse the actions of the Department on the basis of a lack of substantial evidence, North Alamo assumes a heavy burden.

### The Seasonal High Groundwater Table.

■ In its ninth point of error, North Alamo asserts that Browning–Ferris's permit is based upon conflicting findings of fact concerning the depth at which the seasonal high-groundwater table is found. North Alamo complains that the Department's determination of a three-foot groundwater table conflicts with the Department's earlier findings that the groundwater table was six feet. We understand the concern over the respective measurements to stem from the potential contamination of the underground water. To the extent that the groundwater table is located closer to the surface, a greater possibility exists that groundwater may be contaminated by invading pollutants. A landfill design predicated on a three-foot groundwater table will require more strenuous pollution controls than a design located over a six-foot groundwater table. The Department "conservatively established" the three-foot figure in order to afford greater protection to nearby groundwater. Although the Department's information suggested that the actual groundwater table could be as far below the surface as six feet, in response to information introduced by North Alamo and the other contestants at the hearing, the Department established the three-foot groundwater table in order to require more stringent anti-pollution

controls. We cannot see how North Alamo or the citizens of Texas have been harmed by the Department's adopting the shallower groundwater table urged by the contestants. Absent prejudice to North Alamo's substantial rights, reversal is unwarranted. *See* APTRA § 19(e). We overrule the ninth point of error.

### Requisite Financial Assurances.

■ In the tenth point of error, North Alamo claims that the record contains no evidence, or insufficient evidence, to support Browning–Ferris's mandatory showing of financial responsibility.

The Department's regulations obligate a permit applicant to demonstrate financial responsibility by furnishing certain "attachments" to any permit application.

> The applicant shall submit evidence of financial responsibility which assures the department that he has sufficient assets to properly operate the site and to provide proper closure. A firm commitment to provide backup equipment by lease, purchase, or diversion from other activities is part of this responsibility. This assurance may be in the form of performance bonds, letters of credit from recognized financial institutions, company stockholder reports, trust funds, or insurance in the case of privately owned facilities and by commissioners court or city council resolution in the case of publicly owned facilities. *The department shall have the authority to require such financial responsibility as it deems appropriate.*

25 Tex.Admin.Code § 325.74(b)(6)(M) (1989) (emphasis added).

We have previously reviewed this regulation and have concluded that the last sentence vests the agency with discretion to determine an applicant's financial responsibility. *See Lipsey v. Texas Dep't of Health,* 727 S.W.2d 61, 70–71 (Tex.App. 1987, writ ref'd n.r.e.). Thus, we address North Alamo's point of error as an allegation of abuse of discretion under APTRA

§ 19(e)(6) and not as a substantial-evidence question.[2]  *Id.*

North Alamo challenges the Department's finding of fact no. 21 as an abuse of discretion:

> BFI provided sufficient assurance of its continuing financial and technological ability to construct and operate the facility, to provide for adequate response to emergencies at the facility, to provide backup equipment as needed, and to provide adequate closure of and post-closure care at the facility.

North Alamo complains that the only evidence of continuing financial ability supplied to the Department came from Browning–Ferris Industries, Inc., the parent corporation of the applicant, Browning–Ferris, Inc. This complaint is well-founded. However, we cannot overlook the broad discretion conferred upon the Department by its own regulation: "The Department shall have the authority to require such financial responsibility as it deems appropriate." In addition to the financial records of the applicant's parent corporation, the Department apparently relied upon the testimony of Mr. Derdeyn, a vice-president of Browning–Ferris, Inc., that the parent corporation provided financing to its subsidiaries on a regular basis, both for their capital budgets and for their operating expenses outside the capital budget items. Additionally, Mr. Derdeyn testified that the applicant would secure either a surety bond or a corporate letter of credit in the amount of the estimated cost of closure of the landfill. Finally, Mr. Derdeyn discussed the applicant's plans to procure back-up equipment through rental arrangements with local vendors. We also note that North Alamo expressed to the hearing examiner its concern that only the parent corporation's financial status had been disclosed to the Department.

We agree that Mr. Derdeyn's testimony, coupled with financial disclosures of the parent corporation, is slim evidence indeed of the applicant's financial condition. But the controlling regulation provides no objective criteria by which to measure appropriate evidence of financial assurance. Under these circumstances, we think that the evidence contained in the record is sufficient to withstand North Alamo's challenge to the Department's exercise of discretion. We overrule the tenth point of error.

*Fire Protection and Litter Control.*

In its remaining two points of error, North Alamo challenges the Department's findings that Browning–Ferris's permit application adequately protects the health, welfare and property of the citizenry. North Alamo claims that the Department erred by failing to find to the contrary. We disagree.

■  With regard to the issue of fire protection at the landfill site, North Alamo directs our attention to the Department's own regulation:

> Permanent drainage facilities shall be constructed between the toe of an aerial fill and the adjacent property line, if applicable.... *A width sufficient to provide for passage and working space for maintenance equipment, fire-fighting vehicles, etc., shall be permanently maintained* between the toe of the slope of an aerial fill and the inside backslope of the appropriate perimeter drainage facility.

25 Tex.Admin.Code § 325.74(b)(6)(G)(iii) (1989) (emphasis added). North Alamo argues that this regulation requires the construction of a road to accommodate fire vehicles. Because Browning–Ferris's permit does not provide for such a road, and the evidence before the Department reveals no plans for any such road, North Alamo argues that the Department's findings were erroneous and that contrary findings were required.

■  The eleventh point of error involves the interpretation of an administrative rule or regulation; we believe this involves a question of law. In this case the appropri-

---

**2.** In its reply to appellee's brief, North Alamo implicitly acknowledges this abuse-of-discretion standard but argues that the Department completely ignored Browning Ferris's financial condition because the record contains no evidence of its financial responsibility, as distinct from the financial condition of its parent company, Browning Ferris Industries, Inc.

ate standard of review is abuse of discretion, not a substantial-evidence standard. *Sonic Drive–In v. Hernandez*, 797 S.W.2d 254, 255–56 (Tex.App.1990, writ denied).

 The Department did not interpret its regulation to require the construction of a road. We cannot say that the Department erred in this regard; the plain language in the regulation refers only to maintaining an adequate "width" to allow vehicles to pass. Whether this creates a requirement to construct a road is an interpretation best left to agency discretion. Though not binding on a court, the interpretation of a regulation by an agency charged with its enforcement is entitled to substantial weight. *Dallas Transit Sys. v. Mann*, 750 S.W.2d 287, 290 (Tex.App.1988, no writ). We hold that the Department did not abuse its discretion by finding that the applicant met adequate fire protection standards by maintaining a width sufficient for vehicles to pass without constructing a road.

The Department's finding that the landfill design adequately protects the health, welfare, and property of the citizenry by providing adequate fire protection is properly challenged under the substantial-evidence standard. Evidence constituting more than a scintilla will amount to substantial evidence, even where the evidence in the record may preponderate against the decision of the agency. *City of League City*, 777 S.W.2d at 805. Reviewing the record, we see that the Department noted the presence of fire-fighting equipment on the premises at all times and relied upon this to support its implied finding of adequate fire protection. This is more than a scintilla of evidence and North Alamo's substantial-evidence challenge fails. We overrule the eleventh point of error.

Finally, North Alamo complains of the Department's failure to find that additional litter-control measures were necessary to safeguard the welfare of the surrounding community. North Alamo claims that the Department ignored evidence that unauthorized dumping at and near the site would prove hazardous to the community's welfare. Under the terms of the permit, however, Browning–Ferris is charged with daily pick-up of loose materials. Further, roads leading to the site are to be cleaned periodically by Browning–Ferris's employees. By including these requirements, the Department implicitly contemplated the very issues complained of in this point of error. We overrule North Alamo's twelfth point of error.

## CONCLUSION

Finding no error, we affirm the judgment of the district court.