**NORTH ALAMO WATER SUPPLY CORPORATION, Appellant,**

v.

**TEXAS DEPARTMENT OF HEALTH and Browning–Ferris, Inc., Appellees.**

**No. 3–91–534–CV.**

Court of Appeals of Texas, Austin.

Aug. 26, 1992.

Rehearing Overruled Oct. 7, 1992.

J.W. Dyer, The Law Office of J.W. Dyer, McAllen, for appellant.

Dan Morales, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for Texas Dept. of Health.

Bruce A. Morris, Fulbright & Jaworski, Austin, for Browning–Ferris, Inc.

Before CARROLL, C.J., and ABOUSSIE and SMITH, JJ.

SMITH, Justice.

Today, we revisit the controversy surrounding the construction and operation of a solid-waste disposal facility in Hidalgo County. In an earlier action, the North Alamo Water Supply Corporation (North Alamo) sought judicial review of the decision of the Texas Department of Health (the Department) to permit Browning–Ferris, Inc. to construct this landfill; we subsequently affirmed the district court's judgment upholding the agency order. *See North Alamo Water Supply Corp. v. Texas Dep't of Health and Browning–Ferris, Inc.*, 839 S.W.2d 448 (Tex.App.—Austin 1992, writ requested) (*North Alamo I*). In the instant cause, North Alamo challenges the Department's actions taken after the permit's issuance. The district court dismissed the cause; we will affirm that order of dismissal.

## BACKGROUND

On September 19, 1988, the Department granted Browning–Ferris a permit to operate a solid-waste disposal facility in Hidalgo County, subject to several special provisions. The trial court severed North Alamo's claim for judicial review of the permit pursuant to the Administrative Procedure and Texas Register Act (APTRA). *See* Tex.Rev.Civ.Stat.Ann. Art 6252–13a (Pamph.1992). In that portion of the cause, the district court affirmed the Department's issuance of the permit and we subsequently affirmed the court's judgment. *See North Alamo I.*

In the remaining cause, brought pursuant to the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (1986 & Supp.1992), North Alamo asked the court to interpret Special Provision E of the permit and to declare certain of the Department's acts taken pursuant to the provision as ultra vires. North Alamo claimed that the Department in effect amended the permit without affording North Alamo a public hearing.

Browning–Ferris filed a motion for summary judgment contesting North Alamo's right to any declaratory judgment on four

grounds: (1) the permit, including Special Provision E, was lawful; (2) the Department did not amend the permit; (3) North Alamo's request for declaratory judgment was barred by res judicata or collateral estoppel; and (4) the Department retained original jurisdiction to enforce the disputed permit.

The district court entered a final order dismissing the cause. North Alamo appeals this order, arguing that the revisions made pursuant to Special Provision E impermissibly amended the permit and the trial court erred by not examining whether the Department's actions exceeded the scope of its authority.

## DISMISSAL ORDER

■ Browning–Ferris' motion for summary judgment presented a jurisdictional argument, along with other grounds for summary judgment. The trial court's final order of dismissal reads:

On the 19th day of July, 1991, came on to be considered Intervenor Defendant Browning–Ferris, Inc.'s Motion for Summary Judgment. The Court, after having considered the motion, arguments of counsel, and the other papers and pleadings on file in this cause is of the opinion that the motion should be granted and this cause should be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Intervenor Defendant Browning–Ferris, Inc.'s Motion for Summary Judgment is hereby granted and this cause is hereby dismissed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all other relief not specifically granted herein is denied. Nothing herein shall prejudice the right of any party to request further action from the Texas Department of Health.

Nothing in this order suggests that the district court adjudicated the merits of this cause. Because a judgment of dismissal is neither an adjudication of the rights of the parties, *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.1962), nor an adjudication of the merits of the dismissed cause, *Matter of J.A.L.,* 608 S.W.2d 819, 821 (Tex.Civ.App.1980, no writ), we construe this order as an order of dismissal for want of jurisdiction. Consequently, we limit our review solely to the jurisdictional issue.

## ANALYSIS

■ The heart of North Alamo's complaint is that Special Provision E resulted in the Department's amending Browning–Ferris' permit without a public hearing, in violation of the Department's statutory authority. The legal issue presented is whether North Alamo may raise this complaint in district court before the Department addresses the question. North Alamo bypassed the Department and proceeded directly to the district court to seek judicial scrutiny of Special Provision E and the Department's actions. Browning–Ferris and the Department maintain that North Alamo cannot leapfrog the Department and seek direct intervention by the district court in the administrative process.

North Alamo responds that its request for a post-permit hearing before the Department was denied, but a review of the transcript reveals that what North Alamo requested was a rehearing on the Department's decision to grant the permit. The record reveals no request for a hearing on the post-permit revisions complained of in this severed cause of action. We therefore treat this complaint as one presented to the district court before it was addressed to the agency. North Alamo argued unsuccessfully that the district court had inherent jurisdiction to review the Department's ultra vires actions, by which the agency allegedly exceeded its authority by amending Browning–Ferris' permit without a public hearing.

Whether the district court had jurisdiction to hear these complaints before they were presented to the Department is a question of law. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 436 (Tex.App. 1988, no writ). In reviewing an order of dismissal for want of jurisdiction, we construe the pleadings in favor of the pleader. *Huston v. FDIC,* 663 S.W.2d 126, 129 (Tex.

App.1984, writ ref'd n.r.e.); *Paradissis v. Royal Indem. Co.,* 496 S.W.2d 146, 148 (Tex.Civ.App.1973), *aff'd,* 507 S.W.2d 526 (Tex.1974).

Judicial review is generally available after final agency decisions, but not before. *See* APTRA § 19; Solid Waste Disposal Act, Tex.Health & Safety Code Ann. § 361.321 (1992). This complaint focuses only upon agency action taken after the permit was issued. There is no evidence that North Alamo ever asked the Department to consider these post-permit complaints. APTRA provides that "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act." APTRA, § 19(a). Here, the Department has made no decision of any kind regarding the alleged amendments to the permit.

North Alamo's pleadings request judgment pursuant to the Declaratory Judgments Act. But that Act does not itself bestow jurisdiction upon the district court. In *Southwestern Bell Telephone Co. v. Public Utility Commission,* 735 S.W.2d 663 (Tex.App.1987, no writ), we noted that the Declaratory Judgments Act

> creates a *remedy* that would not otherwise be available for a cause of action that already falls within the court's jurisdiction; it does not itself confer jurisdiction.... Ordinarily, in the context of administrative proceedings, the court's jurisdiction under the Uniform Declaratory Judgments Act has derived from its inherent power to hear and determine whether the agency action in controversy was ultra vires or unconstitutional.

*Id.* 735 S.W.2d at 667 (citations omitted).

In *North Alamo I,* we reviewed the Department's decision to issue a permit containing Special Provision E; we held that the agency decision was a final order and that the special provision did not violate North Alamo's due process rights. In this cause of action North Alamo complains of the post-permit revisions made pursuant to Special Provision E. In *North Alamo I,* we characterized the Department's role in reviewing subsequent design revisions as a matter of enforcement: "The Department's role is limited to ensuring that the revisions comply with the applicable statutes and regulations." 839 S.W.2d at 451. The enforcement of the permit conditions is committed to agency expertise and discretion; if the disputed revisions do not comply with the terms of the permit and its special provisions, the Department is authorized to address the non-compliance. *See* Solid Waste Disposal Act, Tex.Health & Safety Code Ann. §§ 361.221–.302 (1992).

■ North Alamo cites authorities illustrating the general rule that a trial court may intercede before administrative remedies are exhausted where the administrative agency lacks jurisdiction. *See, e.g., City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681 (Tex.1983); *Westheimer Indep. Sch. Dist. v. Brockette,* 567 S.W.2d 780 (Tex.1978); *Cypress–Fairbanks Indep. Sch. Dist. v. Texas Educ. Agency,* 797 S.W.2d 336 (Tex.App.1990), *rev'd,* 830 S.W.2d 88 (Tex.1992). But here the Department has jurisdiction to enforce the terms of its permits and to review disputed design revisions. *See* Solid Waste Disposal Act, Tex.Health & Safety Code Ann. §§ 361.221–.303. The Department has promulgated regulations addressing proposed modification or amendment to permits, *see* Dep't of Health, 25 Tex.Admin.Code. § 325.56 (1989) (concerning revocation or amendment of a permit).[1] Under Rule

---

1. The Texas Legislature has recently re-identified those administrative agencies responsible for the implementation of the Solid Waste Disposal Act. *See* 1991 Tex.Gen.Laws, 1st called session, ch. 3, §§ 1.001–*et seq.,* at 5. Effective March 1, 1992, and until August 31, 1993, the Texas Water Commission is the successor to the Texas Department of Health for the administration and enforcement of laws pertaining to the disposal of solid waste. Effective September 1, 1993, the Texas Natural Resource Conservation Commission will assume those responsibilities. *Id.* at § 1.088, at 43.

As part of this reorganization process, the Water Commission has recodified many of the Department of Health's former rules and regulations to reflect its acquisition of jurisdiction over solid-waste disposal. *See generally* 17 Tex. Reg. 1649 (listing former Dept. of Health rules to be recodified at Tex.Water Commission, 31

325.56, the Department has the authority to determine when a proposed modification will require actual amendment of the permit. The fact that the Department might decide "wrongly" in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision.

Though the Department retains jurisdiction to enforce compliance with permit requirements and restrictions, North Alamo has not indicated how the Solid Waste Disposal Act authorizes a private citizen to bring an enforcement action against a party who appears to have violated a permit provision. *Cf.* § 361.224 (allowing the Department to bring an enforcement action); § 361.225 (allowing a county or political subdivision to bring an enforcement action); § 361.226 (allowing a municipality to bring an enforcement action). We are sympathetic to North Alamo's concerns over the placement and operation of Browning–Ferris' landfill. But the Legislature, and not this Court, is vested with the authority to create any statutory causes of action.

Because we overrule North Alamo's third and fourth points of error claiming the trial court maintained jurisdiction over this matter, we need not address the remaining points of error. We affirm the district court's order of dismissal.

Tex.Admin.Code § 330). And in some cases, certain Department of Health regulations have been repealed as duplicative of existing Water Commission regulations. *Id.* at 1646. Former Dept. of Health Rule 325.56 was one such rule and was administratively repealed, effective March 1, 1992.

However, in the 1991 act, the Legislature declared that "any act or proceeding commenced before the effective date of this article, including a proceeding by a reviewing court, is governed by the law and rules applicable to the action or proceeding before the effective date of this article." *See* 1991 Tex.Gen.Laws, ch. 3, § 1.090(a), at 44. Thus we refer to former rule 325.56.