**HOUSTON GENERAL INSURANCE CO., Appellant,**

v.

**ASSOCIATION CASUALTY INSURANCE COMPANY, Mallory's Propane, Inc. and Johnnie Featherston, Appellees.**

No. 12–97–00076–CV.

Court of Appeals of Texas, Tyler.

April 27, 1998.

Ken W. Good, Tyler, for appellant.

Debora McWilliams Alsup, Austin, John H. Minton, Tyler, for appellees.

Before RAMEY, C.J., and HOLCOMB, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

RAMEY, Chief Justice.

This appeal arises out of a dispute between two workers' compensation insurance carriers, Appellant Houston General Insurance Company ("Houston General"), and Appellee Association Casualty Insurance Company ("Association Casualty"). The issue presented is which carrier is obligated to pay compensation benefits to the injured Mallory Propane, Inc. ("Mallory") employee, Johnnie Featherston ("Featherston"). Houston General paid the benefits to Featherston, and she and Mallory are not parties to this appeal. Upon adverse rulings in administrative hearings, Houston General filed in the trial court an Original Petition for Judicial Review of Appeals Panel Decision in favor of Association and for a Declaratory Judgment against Association Casualty. Cross motions for summary judgment were then filed by the parties. The trial court granted summary judgment in favor of Association Casualty and denied the motion filed by Houston General. Houston General assigns two points of error, generally asserting that the trial court erred in granting Association Casualty's motion and denying its motion for summary judgment. We will reverse and remand.

The significant facts of this appeal are not in dispute. Commencing on April 1, 1991, Houston General provided Mallory its workers' compensation insurance coverage. Mallory later contracted with Association Casualty to become its compensation carrier commencing on August 1, 1991, replacing the Houston General policy on that date. The parties agreed that Featherston's injury occurred on the same date, August 1, after Association Casualty had commenced its coverage. Mallory incorrectly sent the Employer's First Report of Injury to Houston General naming it as the compensation carrier. Thereupon Houston General filed its form TWCC–21 advising that it was commencing payment of compensation benefits to Featherston; it asserted no refusal or dispute of payment on this form and thereafter paid the benefits to Featherston. Additional forms TWCC–21 were filed by Houston General regarding payment of these benefits to Featherston.

On September 24, 1993, the Texas Department of Insurance notified Houston General that the date of Featherston's injury was not within that company's policy coverage period. Houston General nevertheless continued to pay Featherston's compensation benefits. Approximately six months after the notification that Houston General's policy did not cover Featherston's claim, Association Casu-

alty received written notice that Featherston was injured during that company's coverage period. Within sixty days, Association Casualty filed its own TWCC–21 form refusing and disputing its compensation obligations to Featherston and asserting further that there was no newly discovered evidence entitling Houston General to reopen the issue of compensability. Over eight months later Houston General filed still another TWCC–21 stating that it was paying Featherston supplemental income benefits.

Association Casualty contends, and the asserted basis of her motion for summary judgment was, that Houston General had waived its right to contest its coverage of the claim by not complying with § 409.021, Tex. Lab. Code Ann., a provision in the Texas Workers' Compensation Act ("Act"). The pertinent paragraphs of § 409.021 state:

> (c) If an insurance carrier does not contest the compensability of an injury on or before the 60[th] day after the date on which the insurance carrier is notified of the injury, the insurer waives its right to contest compensability . . .

> (d) An insurance carrier may reopen the issue of compensability of an injury if there is a finding of evidence that could not reasonably have been discovered earlier.

Houston General does not claim that it has discovered new evidence that would allow it to re-open the question of compensability. Association Casualty argues that the failure of Houston General to contest the issue of its obligation to provide compensation benefits to Featherston before the 60th day after being notified of the claim waived its right to object to the claim under § 409.021(c).

Houston General counters that the critical issue here is not "compensability" but the determination of which of the two carriers had the "coverage" for the injury and that Association Casualty was the compensation carrier on that date. Houston General asserts that "compensability" as expressed in the statute does not embrace and is not interchangeable with the question of "coverage" of the claim.

■ A hearing examiner after a contested hearing and thereafter an appeals panel of the Texas Workers' Compensation Commission ("Commission") ruled that Houston General had waived its right to contest coverage by not disputing the claim within sixty days after receiving notice of the injury. Although the ruling of an administrative agency is not binding on a court, its interpretation is entitled to substantial weight. *North Alamo Water Supply Corp. v. Texas Dept. Of Health*, 839 S.W.2d 448, 455 (Tex.App.—Austin 1992, writ denied). Such interpretation involves a question of law, and whether the agency abused its discretion is our standard of review. *Id.* at 454–55.

■ We have found no Texas authority delineating the precise elements of the term "compensability." Here, however, there is no dispute that at least one of the two workers' compensation policies was in force and that Featherston's injury arose out of and in the course and scope of her employment with Mallory. Featherston's injury was compensated. The issue here is not one of "compensability;" rather we must decide which of the two carriers had covered Featherston's injury. We decline to hold that the question presented here was one of "compensability" as that term is used in § 409.021(c).

It is not disputed that Association Casualty was Mallory's compensation carrier at the time Featherston was injured. It has long been the bright line rule in Texas that waiver and estoppel do not create an insurance contract where none existed by the terms of the policy. *Texas Farmers Ins. Co. v. McGuire*, 744 S.W.2d 601, 602 (Tex.1988); *Washington Nat. Ins. Co. v. Craddock*, 130 Tex. 251, 109 S.W.2d 165 (1937). Association Casualty has acknowledged the correctness of that principle.

■ Association Casualty avers, however, that there is an exception to the general rule where an insurer assumes the duty to defend a policyholder against a liability claim without providing the insured with notice of a reservation of its rights as to the question of coverage. *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 550 (Tex.App.—Dallas 1990, writ denied). The *Williams* case itself, however, clarifies the rationale of the exception. This exception has only been

invoked where the insured's defense of a liability claim against him has been assumed by his insurer. When the defense is provided by the insurer, the courts recognize that there is an actual or potential conflict of interest between these parties, because the company is at once representing the policyholder against a third party while it may be developing its position of non-coverage against the same policyholder. *Id.*, at 551. The *Williams* exception provides that under these facts a reservation of rights by the insurer is a requisite to avoid a waiver of the insurer's right to assert its non-coverage under the terms of the policy. *Id.* Here, however, no defense against a third party claim is assumed by Houston General, and a reservation of rights pertaining to coverage is an inappropriate requirement as between the two compensation carriers disputing coverage of a claim; no new coverage is created here by waiver, and the exception is inapplicable. We have found no cases in which the *Williams* exception has been extended to workers' compensation cases. *See Washington Nat'l Ins. Co.*, 109 S.W.2d at 166. We conclude that Houston General's workers' compensation coverage may not be extended by waiver or estoppel here and that the *Williams* exception to that general rule is not available here.

■ Association Casualty, in its argument before this Court, sought to further support its summary judgment by asserting that the judgment should be affirmed for the additional reason that Houston General cannot recover from Association Casualty the monies Houston General paid out on this claim under an equitable subrogation doctrine. Association Casualty did not contend before the Commission appeals panel the inapplicability of equitable subrogation as a ground for denying Houston General's appeal, and the panel did not consider that contention. The trial court was limited to issues decided by the Commission appeals panel. TEX. LAB. CODE ANN. § 410.302. Also, Association Casualty's motion for summary judgment did not contain an allegation that the unavailability of equitable subrogation relief was a further ground for its summary judgment. The motion for summary judgment must itself expressly present each of the grounds on which

the judgment is made. *Hartford Cas. Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729, 732–33 (Tex.App.—Fort Worth 1996, no writ history). Thus, the inapplicability of equitable subrogation to Houston General's theory of recovery cannot here be considered as an additional ground to affirm the trial court's summary judgment in favor of Association Casualty because the ground was not asserted before the appeals panel or in its motion for summary judgment. We hold that the trial court's granting of Association Casualty's motion for summary judgment is not supportable on either ground urged by that company, and the trial court abused its discretion in granting a summary judgment in favor of Association Casualty. Houston General's first point of error is sustained.

■ On the other hand, Houston General has contended that it is entitled to its own summary judgment to recover the compensation benefits previously paid on behalf of Featherston under that same theory of equitable subrogation. When both parties move for summary judgment, and the trial court grants one motion but denies the other, the party that did not prevail may appeal both the summary judgment granted against it as well as the denial of its motion for summary judgment. *Camacho v. Samaniego*, 954 S.W.2d 811, 817 (Tex.App.—El Paso 1997, writ requested). Here, the denial of Houston General's motion for summary is properly before the court. The appellate court should consider all of the evidence accompanying both motions in order to determine whether to grant either one. *Id.*

■ Subrogation is recognized as an important doctrine in Texas and has received favorable treatment in this state. *Fleetwood v. Med Center Bank*, 786 S.W.2d 550, 557 (Tex.App.—Austin 1990, writ denied). Equitable subrogation is predicated upon principles of equity, and a party may not prevail on this theory absent the requisite balancing of those equities. *Esparza v. Scott and White Health Plan*, 909 S.W.2d 548, 552 (Tex. App.—Austin 1995, writ denied). Here, there is a basis for Houston General's contention that the carrier, Association Casualty, which paid no benefits, was unjustly enriched

by Houston General's payment of Association Casualty's compensation obligations to Featherston. Conversely, Houston General is charged with knowledge of its own coverage throughout the handling of the compensation claim. *Associated Indem. Co. v. Hartford Acc. & Indem. Co.*, 524 S.W.2d 373, 377 (Tex.Civ.App.—Dallas 1975, no writ). It failed to apprise the Commission, Mallory or Association Casualty for more than two and a half years that it did not have coverage of this claim and that another company was the appropriate carrier; there was no notice to Association Casualty of the existence of the claim during this period, nor was Association Casualty afforded any part in the determination of or appropriate handling of the claim. Yet, Houston General seeks full reimbursement from Association Casualty despite its failure to keep abreast of its own coverage. A recognized equitable principle is that "equity aids the diligent and not those who sleep on their rights." *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993).

■ Trial courts should, "be even more cautious than usual before granting summary judgments in equitable actions". *Fleetwood*, 786 S.W.2d at 557. The equities appear to both favor and weigh against Houston General; it is not entitled to summary judgment as a matter of law on its equitable subrogation theory. Furthermore, there has been no requisite balancing of the equities between the carriers. Except as expressly stated herein, this conclusion should not be construed as indicating our opinion of the merits of this case. Houston General's second point of error is overruled.

The judgment of the trial court in granting a summary judgment in favor of Association General is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.