Reversed and Rendered and Opinion filed May 10, 2005









Reversed and Rendered and Opinion filed May 10, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01023-CV

____________

 

THE INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA, Appellant

 

V.

 

HARTFORD
UNDERWRITERS INSURANCE COMPANY, Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 02-47678

 



 

O P I N I O N

This is an appeal from a summary
judgment.  Appellant The Insurance
Company of the State of Pennsylvania (“ICSP”) argues in four issues that the
trial court erred in granting summary judgment in favor of appellee Hartford
Underwriters Insurance Company (“Hartford”) and in overruling ICSP’s motion for
summary judgment.  We reverse and render
judgment in favor of ICSP.

 

 








Factual and
Procedural Background

Tomasa Serpas worked for Tandem Staffing
(“Tandem”), a temporary staffing agency. 
Tandem assigned Serpas to work at an Igloo Products Corporation
(“Igloo”) facility, where Serpas sustained a serious injury on January 5,
1999.  ICSP provides workers’ compensation
insurance to Igloo, and Hartford is the workers’ compensation carrier for
Tandem.  Hartford received notice of
Serpas’s injury on the day it occurred and began paying workers’ compensation
benefits to Serpas less than a week later. 
Hartford has continued to pay workers’ compensation benefits to Serpas.

In May of 2000, Serpas sued Igloo, which
moved for and was granted summary judgment. 
Igloo successfully argued that as an employee, Serpas’s exclusive remedy
was through the workers’ compensation scheme. 
Hartford then filed a notice of disputed claim with the Texas Workers’
Compensation Commission for the first time; this occurred more than three years
after the injury.  Hartford argued there
was newly discovered evidence that Igloo was Serpas’s employer under the
borrowed servant doctrine.

A contested case hearing was held, and the
hearings division of the commission considered (1) whether Tandem or Igloo was
Serpas’s employer for workers’ compensation purposes at the time of the injury
and (2) whether Hartford waived its right to contest compensability under
section 409.021(c) of the Texas Labor Code. 
See Tex. Lab. Code Ann. § 409.021(c)
(Vernon 1996).  The hearing officer
determined that Tandem and Igloo were co-employers and that Hartford had waived
its right to contest compensability by waiting more than sixty days to dispute
the claim.  See id.  Hartford appealed, and an appeals panel
for the commission affirmed the hearing officer’s decision and clarified that
Hartford was solely responsible for payment of benefits because it had waived
its right to contest compensability.








Hartford again appealed, this time at the
district court level.  Hartford argued
only that it had not waived the right to contest compensability; it did not
appeal the co-employer finding.  Both
Hartford and ICSP filed motions for summary judgment.  The district court granted Hartford’s motion,
impliedly finding that Hartford had not waived its right to contest
compensability by ordering Hartford and ICSP to each pay fifty percent of
Serpas’s workers’ compensation benefits. 
ICSP now brings this appeal from the trial court’s grant of summary
judgment and asks this court to reverse and render judgment in ICSP’s favor by
concluding that Hartford waived its right to contest compensability and is
therefore solely responsible for the payment of benefits.

Discussion

When both sides move for summary judgment
and the trial court grants one motion and denies the other, the reviewing court
should review the summary judgment evidence presented by both sides and
determine all questions presented.  Comm’rs
Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).  The reviewing court should then render the
judgment the trial court should have rendered. 
Id.

As stated above, Hartford sought judicial
review of the appeals panel decision. 
Under section 410.302 of the Labor Code, a trial court is limited to
reviewing only those issues decided by the appeals panel.  Tex.
Lab. Code Ann. § 410.302 (Vernon 1996). 
The appeals panel resolved two issues and made the following
conclusions:  (1) Tandem and Igloo were
co-employers for workers’ compensation purposes and (2) Hartford had waived its
right to contest compensability. 
Hartford stated in its motion for summary judgment that the co-employer
finding was not being contested; accordingly, the only contested issue before
the trial court was whether Hartford had waived its right to contest
compensability.  In its order granting
Hartford’s motion for summary judgment, the trial court (1) affirmed the
uncontested co-employer finding and (2) reversed the finding that Hartford was
solely liable for payment of benefits, thus implicitly holding Hartford had not
waived its right to contest compensability. 
The trial court also ordered each party to pay fifty percent of the
workers’ compensation benefits.  Because
the only contested issue is whether Hartford waived its right to contest
compensability, that is the sole issue for our review.  See id.








Section 409.021(c) of the Labor Code
provides that “[i]f an insurance carrier does not contest the compensability of
an injury on or before the 60th day after the date on which the insurance
carrier is notified of the injury, the insurance carrier waives its right to
contest compensability.”  Tex. Lab. Code Ann. § 409.021(c).  It is undisputed in this case that Hartford
began paying benefits within a week of learning of the injury and did not file
a standard form Notice of Refusal/Disputed Claim with the Workers’ Compensation
Commission for more than three years after the injury.  Because Hartford failed to contest
compensability within sixty days of notification, we hold that under the plain
language of section 409.021(c), Hartford has waived its right to contest
compensability.

Hartford argues that section 409.021(c)
does not apply to this case because it is a coverage dispute, not a
compensability dispute.  We disagree.[1]  Rule 124.3 of the Texas Administrative Code,
enacted by the Texas Workers’ Compensation Commission, provides that a carrier
must contest compensability within sixty days in both compensability disputes
and liability disputes.  See 28 Tex. Admin. Code § 124.3 (2004) (Tex.
Workers’ Comp. Comm’n, Investigation of an Injury and Notice of
Denial/Dispute).  Valid rules and regulations
promulgated by an administrative agency acting within its statutory authority
have the force and effect of legislation. 
Lewis v. Jacksonville Bldg. & Loan Ass’n, 540 S.W.2d 307, 310
(Tex. 1976).

Subsection (a) of rule 124.3 provides in
relevant part that “[i]f the carrier believes that it is not liable for
the injury or that the injury was not compensable, the carrier shall file the
notice of denial of a claim (notice of denial) in the form and manner required
by § 124.2 of this title.”  28 Tex. Admin. Code § 124.3(a)
(emphasis added).  Subsections (b) and
(c) address time limits for contesting compensability:








(b) Except as provided by
subsection (c), the carrier waives the right to contest compensability of or
liability for the injury, if it does not contest compensability on or
before the 60th day after the date on which the insurance carrier receives
written notice of the injury.

(c) If the carrier wants to deny
compensability of or liability for the injury after the 60th day after it
received notice of the injury:

(1) the carrier must establish that
it is basing its denial on evidence that could not have reasonably been
discovered earlier; and

(2) the carrier is
liable for and shall pay all benefits that were payable prior to and after
filing the notice of denial until the Commission has made a finding that the
evidence could not have been reasonably discovered earlier.  

Id. § 124.3(b)–(c) (emphasis added).  Under rule 124.3, a carrier waives its right
to contest the compensability of the injury or its liability for the injury if
it has not contested compensability within sixty days.  Id. 
Because Hartford did not contest compensability within sixty days of
receiving notice of the injury, it has waived its right to contest not only the
compensability of the injury but its liability for the injury.[2]








There are also two appeals panel
decisions, cited in the hearing officer’s decision in this case, that contain
similar facts to the instant case, and both decisions expressly apply section
409.021(c).  In each case, the appeals
panel held that in a co-employer arrangement where each employer has its own
insurance carrier, a carrier that begins payments and does not contest
compensability within section 409.021(c)’s sixty-day period waives its right to
contest compensability.  See Tex.
Workers’ Comp. Comm’n, Appeal No. 011605, 2001 WL 1344379, at *2 (Aug. 29,
2001); Tex. Workers’ Comp. Comm’n, Appeal No. 970411, 1997 WL 33482402,
at *2–4 (1997).  Though we are not bound
by these decisions, we find them instructive in holding that Hartford has
waived its right to contest compensability. 
See Houston Gen. Ins. Co. v. Ass’n Cas. Ins. Co., 977 S.W.2d 634,
636 (Tex. App.—Tyler 1998, no pet.) (noting that administrative decisions,
while not binding, are entitled to substantial weight).

The judgment of
the trial court is reversed. We render judgment that Hartford has waived its
right to contest compensability and is therefore solely responsible for payment
of benefits.[3]

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Opinion filed May 10, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.











[1]  Hartford’s
sole authority, Houston General Insurance Co. v. Association Casualty
Insurance Co., 977 S.W.2d 634 (Tex. App.—Tyler 1998, no pet.), for the
proposition that section 409.021(c) does not apply is distinguishable from the
instant case.  In Houston General,
the dispute was which of two carriers provided insurance coverage on the day
the injury to the worker occurred.  Here,
it is undisputed that both ICSP and Hartford provided coverage to their
respective insureds on the day of Serpas’s injury; the initial dispute was
which of those insureds was the employer, not which carrier provided insurance
coverage.





[2]  Hartford also
suggested at oral argument that under its theory that section 409.021(c) does
not apply to coverage disputes, there are no time limits restricting a
carrier’s ability to contest its liability for an injury.  We disagree. 
By requiring carriers to either initiate benefits or give notice of
their refusal within strict deadlines, the legislature “intended to provide
employees with a prompt response to their benefit claims and to streamline the
process to avoid early attorney involvement.” 
Cont’l Cas. Co. v. Downs, 81 S.W.3d 803, 806 (Tex. 2002).  Allowing carriers unlimited time to contest
liability would contravene this intention.





[3]  Because we find that Hartford
waived its right to contest compensability under section 409.021(c) of the
Texas Labor Code, we need not address ICSP’s third and fourth points of error.