ACCEPTED
03-16-00657-CV
14452769
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/27/2016 12:19:11 PM
JEFFREY D. KYLE
CLERK

No. 03-16-00657-CV

_____

IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/27/2016 12:19:11 PM
JEFFREY D. KYLE
Clerk

**Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas,**
*Defendants/Appellants,*

v.

**Jane Doe,**
*Plaintiff/Appellee*

_____

On Appeal from Cause No. D-1-GN-16-002113, in the
200th District Court of Travis County, Texas

_____

**REPLY BRIEF OF APPELLANTS**

_____

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief-General Litigation Division

NATALEE B. MARION
Texas Bar No. 24075362
Assistant Attorney General
General Litigation Division
P.O. Box 12548,
Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2120
Fax (512) 320-0667

Natalee.marion@oag.texas.gov

ATTORNEYS FOR APPELLANTS

# TABLE OF CONTENTS

Table of Contents ........................................................................................... ii

Index of Authorities ...................................................................................... iii

Argument & Authorities ..................................................................................2

    I.     The trial court lacks jurisdiction because Doe's claims are barred by sovereign immunity and Doe cannot replead to cure any pleading deficiencies. ...........................................................2

    II.    The Administrative Procedures Act does not confer jurisdiction over Doe's claims.................................................................3

Prayer ...............................................................................................................7

Certificate of Service ......................................................................................9

Certificate of Compliance ...............................................................................9

# INDEX OF AUTHORITIES

**Cases**

*Arizona v. United States*,
132 S. Ct. 2492, 183 L. Ed. 2d 351 (2012) ...........................................................4

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ................................................................................2, 5

*Combs v. City of Webster*,
311 S.W.3d 85 (Tex. App.—Austin 2009, pet. denied)...........................................2

*Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl.
Quality*,
307 S.W.3d 505 (Tex. App.—Austin 2010) .......................................................2, 5

*Garcia v. Kerry*,
557 F. App'x 304 (5th Cir. 2014) ..........................................................................4

*Texas A & M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835 (Tex. 2007) ..................................................................................2

*Texas Comm'n on Envtl. Quality v. City of Waco*,
413 S.W.3d 409 (Tex. 2013) ..................................................................................3

*Texas Comm'n of Licensing & Regulation v. Model Search Am., Inc.*,
953 S.W.2d 289 (Tex. App.—Austin 1997, no writ)..............................................6

*Texas Dep't of Transp. v. Sefzik*,
355 S.W.3d 618 (Tex. 2011) (per curiam) .........................................................2, 7

*Texas Dep't of Ins. v. State Farm Lloyds*,
260 S.W.3d 233 (Tex. App.—Austin 2008) ..........................................................3

*Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*,
145 S.W.3d 170 (Tex. 2004) ..................................................................................3

*Texas Dep't of Transp. v. Jones*,
8 S.W.3d 636 (Tex. 1999) .......................................................................................2

**Statutes**

25 Tex. Admin. Code § 1.51-1.55 .......................................................................3, 4

25 Tex. Admin. Code § 181.21...........................................................................4, 6

Tex. Gov't Code § 2001.003 ...................................................................4

Tex. Gov't Code § 2001.171 ...................................................................3

Tex. Health & Safety Code § 191.033......................................................6

**Rules**

Tex. R. App. P. 9.4................................................................................7

No. 03-16-00657-CV
_____

_____

**Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas,**

*Defendants/Appellants,*

v.

**Jane Doe,**

*Plaintiff/Appellee*

On Appeal from Cause No. D-1-GN-16-002113, in the
200th District Court of Travis County, Texas
_____

**REPLY BRIEF OF APPELLANTS**
_____

To the Honorable Justices of the Third Court of Appeals:

Appellants ("HHSC Defendants") file this Reply Brief to briefly address the arguments raised by Appellee Doe.

1

**ARGUMENT & AUTHORITIES**

I.  **The trial court lacks jurisdiction because Doe's claims are barred by sovereign immunity and Doe cannot replead to cure any pleading deficiencies.**

In a suit against state agencies and state officials, sovereign immunity generally deprives the trial court of jurisdiction. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007), *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). To proceed, the plaintiff must either plead and prove a waiver of immunity, or plead and prove that sovereign immunity is inapplicable because the suit is not against the State, but rather against a state official acting *ultra vires*—that is, without legal authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 37 (Tex. 2009); *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 51 (Tex. App. 2010); *Combs v. City of Webster*, 311 S.W.3d 85, 94 (Tex. App.—Austin 2009, pet. denied). For the reasons set forth in HHSC Defendants' brief and this reply brief, Doe fails to plead and prove a waiver of immunity or plead and prove that her suit is not against the State but against a state official acting *ultra vires*. Further, Doe is not entitled to an opportunity to replead because the jurisdictional defects in her pleadings are incurable. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) (per curiam).

2

## II. The Administrative Procedures Act does not confer jurisdiction over Doe's claims.

As a threshold matter, Doe's live petition asserted only a Uniform Declaratory Judgment Act, Texas Civil Remedies Code § 37.001, *et seq*., claim and a request for injunctive relief. CR 3-17. In response to the HHSC Defendants' plea to the jurisdiction, Doe asserted jurisdiction was proper under the Administrative Procedures Act ("APA"), Tex. Gov't Code Ann. § 2001.171 (West). Appellee's Brief at 9-13. Although Doe asserts jurisdiction is proper under § 2001.171, Doe has failed to establish the hearing held pursuant to the Fair Hearing Procedures was a "contested case" that determined Doe's rights, duties or privileges. 25 Tex. Admin. Code § 1.51-1.55.

The APA is a procedural act, and does not independently provide a right to a contested case hearing. *Texas Comm'n on Envtl. Quality v. City of Waco*, 413 S.W.3d 409, 423 (Tex. 2013); *Texas Dep't of Ins. v. State Farm Lloyds*, 260 S.W.3d 233, 243–44 (Tex. App. 2008). § 2001.171 provides that a person aggrieved by a final decision in a contested case is entitled to judicial review. Tex. Gov't Code Ann. § 2001.171; *see Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 19 (Tex. 2004) (holding that § 2001.171 "provides a limited waiver of sovereign immunity"). But, the fair hearing conducted by the HHSC Defendants was not a contested case under § 2001.171. Section 1.51 of the Texas Administrative Code provides that the fair hearing procedures apply to any "hearing

not required to be a contested case hearing under the provisions of the APA." 25 Tex. Admin. Code § 1.51(b)(2)(H). Thus, a hearing under the Fair Hearing Procedures is not a "contested case" within the APA's definition.

Further, the Hearing Officer's determination that Doe's birth certificate should not issue because it was based on false information was not a determination of Doe's rights, duties, or privileges as a citizen. *See* Tex. Gov't Code Ann. § 2001.003(1) (West) (defining a contested case as a proceeding "in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing"). Doe argues the Hearing Officer's determination to refuse to issue a document based on false information "strip[ped] her of her birthright citizenship." Appellee's Brief at 8. But, the HHSC Defendants do not have authority to strip Doe of her citizenship, or to determine her rights or privileges as a citizen. *Garcia v. Kerry*, 557 F. App'x 304 (5th Cir. 2014) ("The federal government has 'broad, undoubted power over the subject of immigration and the status of aliens.'" (quoting *Arizona v. United States*, 132 S. Ct. 2492, 2498, 183 L. Ed. 2d 351 (2012))).

The HHSC Defendants do have authority to refuse to issue a birth certificate based upon receipt of information indicating the birth certificate was falsified. 25 Tex. Admin. Code § 1.51-1.55; 181.21. Here, as detailed in the Hearing Officer's order, the Hearing Officer was presented with two affidavits from the midwife,

4

Rosalinda Esquivel. CR 20-25. One affidavit—the 1994 affidavit—was submitted in accordance with Esquivel's guilty plea to two counts of falsely procuring evidence of citizenship, and identified Doe by name as one of the persons for whom Esquivel falsely procured evidence of citizenship. CR 24-25. The second affidavit—the 2014 affidavit—was submitted for the hearing, and does not reference the 1994 affidavit or make any attempt to distinguish the statements in the 1994 affidavit. CR 24-25. Although Doe alleges the 1994 affidavit was coerced, there is nothing to support her allegation and her allegation does not establish the trial court's jurisdiction over her case. CR 24-25. The Hearing Officer determined the 2014 affidavit was "not believable" for several reasons—among them the complete failure to reference the 1994 affidavit, and the presence of a Mexican birth certificate—and relied upon the 1994 affidavit. CR 24-25. Accordingly, Doe has not established the trial court has jurisdiction under the APA, nor has Doe established a violation of her constitutional rights.

III. **The trial court lacks jurisdiction because Doe's *ultra vires* claims are barred by sovereign immunity and Doe cannot replead to cure any pleading deficiencies.**

Likewise, Doe cannot create judicial review through an *ultra vires* action. To sustain an ultra vires claim, a plaintiff must plead and prove a violation of law based on an act outside the defendant official's discretion. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *Creedmoor-Maha Water Supply Corp. v. Tex.*

5

*Comm'n on Envtl. Quality*, 307 S.W.3d 505, 514 (Tex. App.—Austin 2010). Doe makes no such effort. In her response brief, Doe merely asserts in conclusory fashion that HHSC Defendants' "acted outside their authority." *See* Appellee's Brief at 14. Nowhere does it articulate specifically how HHSC Defendants' actions were outside their discretion.

Rather, there cannot be an *ultra vires* claim because the HHSC Defendants are expressly provided the statutory and regulatory authority for all of the actions they took. *See* Appellants' Brief at 3-5 (setting out relevant statutory and regulatory provisions). In particular, HHSC Defendants have the discretion to refuse to issue a certified copy of a record based on information the State Registrar receives that contradicts the information shown in the record, including information based on affidavits attesting to the falsification of information in a record. *See* Tex. Health & Safety Code § 191.033; 25 Tex. Admin. Code § 181.21(b)(3). Simply because Doe believes that the HHSC Defendants made a mistake in judgment while exercising their discretion, does not mean they acted *ultra vires*. *Tex. Comm'n of Licensing & Regulation v. Model Search Am., Inc.*, 953 S.W.2d 289, 292 (Tex. App.— Austin 1997, no writ) (that officials "might decide 'wrongly'" does not vitiate its authority to act (quoting *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied))).

6

As a result, because HHSC Defendants cannot have acted *ultra vires*, the jurisdictional defects in Doe's pleadings are incurable. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) (per curiam).

## PRAYER

For the reasons set forth herein and in Appellants' brief, Appellants respectfully request that this Court REVERSE the district court's denial of the HHSC Defendants' Plea to the Jurisdiction and RENDER judgment in favor of Appellants, dismissing each of Appellee's claims with prejudice.

Respectfully submitted,

KEN PAXTON
Texas Attorney General

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/ Natalee B. Marion*
NATALEE B. MARION
Texas Bar No. 24075362
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
natalee.marion@oag.state.gov

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and that notice of this filing will be sent to the following persons through File & Serve Xpress's electronic filing system and e-mail on **December 27, 2016**:

Susan G. Morrison
919 Congress Ave., Ste. 900
Austin, TX 78701
smorrison@thefowlerlawfirm.com

*ATTORNEY FOR APPELLEE*

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Assistant Attorney General


## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), the undersigned Assistant Attorney General hereby certifies that the preceding document complies with the type-volume limits in Tex. R. App. P. 9.4.

1. The brief contains: 2,074 words; and

2. has been prepared using:
   Microsoft Word in 14 pt. Times New Roman conventional typeface Font with 12 pt. footnotes.

The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. P. 9.4, may result in the court's striking the brief and prohibiting the party from filing further documents of the same kind.

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Assistant Attorney General