SOUTHWESTERN BELL TELE-
PHONE, L.P. d/b/a SBC Texas, as suc-
cessor in interest to Southwestern
Bell Telephone Co., (SBC Texas), Ap-
pellant,

v.

BALLENGER CONSTRUCTION
COMPANY, Appellee.

No. 13–05–273–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 12, 2007.

Amy Douthitt Maddux, Stephen G. Tipps, David C. Searle, Baker Botts, L.L.P., Houston, Ruben R. Pena, Law Office of Ruben R. Pena, P.C., Harlingen, Maureen McNiece, San Antonio, for appellants.

Roger W. Hughes, Tom Lockhart, Adams & Graham, Harlingen, Bill Aleshire, Laura Diamond, Riggs & Aleshire, PC, Austin, Murray Joseph Rossini, Miller & McCarthy, PC, Dallas, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

This is an appeal from a summary judgment granted in a declaratory judgment action. By a single issue, SBC contends that the trial court erred in holding that it must relocate its underground facilities that are the subject of a standard Texas Department of Transportation (TxDOT) permit within 100–days' notice from TxDOT. We vacate the summary judgment and dismiss the appeal for want of jurisdiction.

### I. Background

SBC has underground telecommunications facilities in the public rights-of-way along Texas highways in the Rio Grande Valley. *See* TEX. UTIL.CODE ANN. § 181.082 (Vernon 2007) ("A telephone ... corporation may install a facility of the corporation along, on, or across a public road, a public street, or public water in a manner that does not inconvenience the public in the use of the road, street, or water."). Appellee, Ballenger Construction Company, is a contractor for TxDOT on several highway projects in South Texas, including the Rio Grande Valley. SBC filed suit against Ballenger for allegedly cutting or damaging its cables. Ballenger counterclaimed against SBC seeking, among other things, that the trial court declare that "as to those telephone lines that are the subject of a standard TxDOT permit, pursuant to § 181.082, [SBC] must relocate its underground facilities that are installed on a controlled access highway upon 30 days written notice by TXDOT." After granting Ballenger's motion for partial summary judgment on its declaratory judgment counterclaim, the trial court denied SBC's motion to vacate the summary judgment and motion for new trial and amended its summary judgment order to provide as follows:

1) Pursuant to § 251.004(a), Ballenger Construction Company, when it is acting as contractor working in the public rights-of-way under a contract with the Texas Department of Transportation, is exempt from Chapter 251 of the Texas Utilities Code, and is therefore exempt from the requirements of § 251.151 of the Texas Utilities Code to notify a notification center prior to excavation as provided therein; and

2) The Court has considered the terms of Tex. Util.Code § 181.082, the pleadings and the summary judgment evidence currently on file herein and has determined that as to those Southwestern Bell Telephone Company lines that are the subject of a standard Texas Department of Transportation permit, Southwestern Bell Telephone Company must relocate its underground facilities that are installed on Texas controlled

access highways upon one hundred (100) days written notice by the Texas Department of Transportation, and that the failure of Southwestern Bell Telephone Company to do so violates the terms of Tex. Util.Code § 181.082 by causing inconvenience to public use of such controlled access highways, and this order does not violate Southwestern Bell Telephone Company's access to such controlled access highways pursuant to Tex. Util.Code § 181.082.

On appeal, SBC does not complain of the order's first provision. *See id.* at § 251.004(a) ("This chapter does not apply to a contractor working in the public right-of-way under a contract with the Texas Department of Transportation."). SBC's sole issue on appeal challenges the second provision-whether the trial court erred in holding that SBC must relocate its underground facilities within 100–days' notice from TxDOT.

## II. Standard of Review and Relevant Case Law

■ Declaratory judgments are reviewed under the same standards as all other judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (Vernon 1997); *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 133 (Tex.App.-Waco 2005, pet. denied); *In re Estate of Schiwetz*, 102 S.W.3d 355, 365 (Tex.App.-Corpus Christi 2003, no pet.). The standards for review of a traditional summary judgment are well established: the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). A summary judgment is reviewed de novo because the propriety of summary judgment is a question of law. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Fiallos v. Pagan-Lewis*

*Motors, Inc.*, 147 S.W.3d 578, 582–83 (Tex. App.-Corpus Christi 2004, pet. denied).

■ Under the Declaratory Judgments Act (the Act), the stated purpose is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). The Act allows a claimant to petition the court for a declaration regarding its rights under a written agreement. *Id.* § 37.004(a) (Vernon 1997). "A declaratory judgment requires a justiciable controversy as to the rights and status [and other legal relations] of parties actually before the court for adjudication, and the declaration sought must actually resolve the controversy." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex.2004) (citing, *e.g., The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex.2001); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex.1995)); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). "A declaration does not prejudice the rights of a person not a party to the proceeding." *See id.* § 37.006(b) (Vernon 1997).

■ "A judicial decision reached without a case or controversy is an advisory opinion, which is barred by the separation of powers provision of the Texas Constitution." *Brooks*, 141 S.W.3d at 164 (citing TEX. CONST. art. II, § 1; *see Grant*, 73 S.W.3d at 223; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). A plaintiff has the burden to affirmatively demonstrate the trial court's subject-matter jurisdiction over the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Therefore, before addressing the merits of this appeal, we must first decide whether

the trial court had jurisdiction to declare the rights and other legal relations of a party who was not before the court-whether there is a case or controversy. *See id.* at 444–45 (providing that subject matter jurisdiction cannot be waived and may be raised for the first time on appeal by the parties or by the court); *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 457 (Tex.App.-Austin 1992, writ denied) (explaining that issue of court's jurisdiction presented a question of law).

## III. Jurisdiction

■ In this case, Ballenger requested that the trial court declare that a permit allegedly requested by SBC and allegedly issued by TxDOT controlled SBC's response time for the relocation of its transmission lines.[1] By its judgment, the trial court did, in fact, determine that the permit controlled; because the permit controlled, section 203.0935 of the transportation code did not, as urged by SBC. *See* TEX. TRANSP. CODE ANN. § 203.0935 (Vernon Supp.2006). TxDOT, the issuer of the alleged permit, was not made a party to this action. But TxDOT had an interest that would be affected by this requested declaration since its legal relations had been declared in this declaratory judgment action. TxDOT, an entity having an interest that would be affected by the declaration,

must have been made a party. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). Without TxDOT, there was no case or controversy regarding the language of the permit. Additionally, because TxDOT was not a party to the proceeding, the declaration would not prejudice TxDOT's rights. *See id.* § 37.006(b) (Vernon 1997). While the declaration would purport to affect TxDOT's rights, it could not actually affect TxDOT's rights because it was not a party. TxDOT would not be bound by the judgment. Therefore, any opinion interpreting the permit would be purely advisory. Ballenger has not affirmatively demonstrated the trial court's subject-matter jurisdiction over the case. Based on the above, we conclude the trial court was without jurisdiction to issue a judgment based on the language of the permit.

Because of our disposition of this appeal on jurisdiction grounds, we need not address SBC's sole issue on the merits. *See* TEX.R.APP. P. 47.1.

## IV. Conclusion

Accordingly, we vacate the summary judgment and dismiss the appeal for want of jurisdiction.

---

1. The TxDOT permit form identified by Ruben Dario Gonzalez, corporate representative for SBC, was admitted as an exhibit at his deposition. It contained the following relevant provisions:

   By signing below, I certify that I am authorized to represent the Firm listed below, and that the Firm agrees to the conditions/provisions included in this permit.

   \*    \*    \*    \*    \*    \*

   It is expressly understood that the TxDOT does not purport, hereby, to grant any right, claim, title, or easement in or upon this freeway; and it is further understood that

the TxDOT may require the owner to relocate this line, subject to provisions of governing laws, by giving thirty-days written notice.

Although the parties did not appear to dispute that such a permit or approval existed regarding the location on the right-of-way of SBC's proposed telecommunication lines at issue in this case, only a generic, unsigned sample permit that had not been completed was provided by Ballenger as evidence supporting its motion for summary judgment. Nowhere in the record did we find a copy of a completed application or a signed permit referencing the utilities at issue in this case.