NUMBER 13-07-293-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


REMIGIO A. MARTINEZ, III, Appellant,


v.



MARK H. WOERNER, Appellee.

 


On appeal from the 347th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 

 The appellant in this case, Remigio A. Martinez, III, is an inmate who sued his
defense attorney, Mark H. Woerner, for breach of fiduciary duty, fraud, and unconscionable
conduct under the Texas Deceptive Trade Practices Act (DTPA). See Tex. Bus. & Com.
Code Ann § 17.50(a)(3) (Vernon Supp. 2005). Woerner moved for summary judgment,
in part, on the ground that a convicted party cannot satisfy the element of causation in a
claim against his attorney unless he is first exonerated of guilt. The trial court granted the
summary judgment, and we affirm.

I. Background

 Martinez was arrested on March 16, 2002 for aggravated assault on a public
servant, tampering with physical evidence, and possession of cocaine. See Tex. Penal
Code Ann. §§ 22.02 (Vernon 2008), 37.09(a) (Vernon Supp. 2007); Tex. Health & Safety
Code Ann. § 481.115(b) (Vernon 2008). The trial court appointed Woerner to serve as his
counsel.

 Martinez stood trial on September 24, 2003. Woerner advised Martinez, a habitual
felony offender, to plead guilty to the lesser offense of aggravated assault rather than risk
being tried for attempted murder. According to Martinez's brief, Woerner told him that
witnesses refused to testify. Martinez also claims that Woerner advised him to plead guilty
in order to avoid distressing the arresting officer, who had an embarrassing medical
condition that would have been revealed at trial. Martinez did as Woerner advised him,
and he pleaded guilty to aggravated assault of a public servant. He was given a twenty-year prison sentence, to be served concurrently with sentences for tampering with
evidence and possession.

 On May 31, 2005, the court of criminal appeals denied Martinez's application for a
writ of habeas corpus. Martinez claims in his brief that his application for the writ was
undermined by misrepresentations in Woerner's affidavit, where he stated that Martinez
did not contest the underlying charges and that Martinez "threatened to kill" his previous
counsel in open court.


 For all these reasons, Martinez was unsatisfied with Woerner's representation, and
on February 12, 2007, he filed suit against Woerner. The suit, however, did not allege 
legal malpractice; it was for breach of fiduciary duty, fraud, and unconscionable conduct
under the DTPA. Woerner moved for summary judgment on two grounds: (1) that Martinez
could not maintain a malpractice claim because he had not been exonerated, and in the
alternative, (2) the multitude of claims presented by Martinez were essentially a single
claim for legal malpractice, which was barred by the two-year statute of limitations. In
support of the motion, Woerner attached his affidavit, Martinez's original petition, and the
denial of the writ of habeas corpus from the court of criminal appeals. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003 (Vernon Supp. 2007). The trial court granted summary
judgment in favor of Woerner without specifying which ground it relied upon. Martinez now
appeals.

II. Standard of Review 

 In a traditional summary judgment, the movant has the burden to prove there is no
genuine issue of material fact and that the movant is entitled to the summary judgment as
a matter of law. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Sw. Bell Tel., L.P.
v. Ballenger Const. Co., 230 S.W.3d 489, 491 (Tex. App.-Corpus Christi 2007, no pet.). 
We apply a de novo review because "the propriety of summary judgment is a question of
law." Sw. Bell Tel., L.P., 230 S.W.3d at 491. "In reviewing a summary judgment, we
consider all grounds presented to the trial court and preserved for appeal in the interest of
judicial economy." Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex.
2005).

III. Analysis

 A longstanding public policy in Texas prohibits a convicted criminal defendant from
suing his lawyer and seeking damages for the conviction unless he has first been
exonerated. See Peeler v. Hughes & Luce, 909 S.W.2d 494, 498 (Tex. 1995). The
principle behind this policy is that when a criminal defendant has been convicted, the
"cause" of the conviction is not the lawyer's inadequacy, it is the party's criminal action. Id. 
The Peeler court reasoned as follows:

[A]llowing civil recovery for convicts impermissibly shifts responsibility for the
crime away from the convict. This opportunity to shift much, if not all, of the
punishment assessed against convicts for their criminal acts to their former
attorneys, drastically diminishes the consequences of the convicts' criminal
conduct and seriously undermines our system of criminal justice.


Id. Peeler did not hold that a convicted party may never sue his defense attorney, but it
did impose the limitation that a party may "negate the sole proximate cause bar to their
claim for legal malpractice in connection with that conviction only if they have been
exonerated on direct appeal, through post-conviction relief, or otherwise." Id. at 497-98
(emphasis added). That limitation does not apply in this case.

 Martinez has made three claims--breach of fiduciary duty, fraud, and
unconscionable conduct under the DTPA. All of these claims are torts which cannot be
maintained unless the plaintiff establishes causation. See, e.g., Peeler, 909 S.W.2d at
498 (causation is required to show a DTPA claim); Barrand, Inc. v. Whataburger, Inc., 214
S.W.3d 122, 141 n.5 (Tex. App.-Corpus Christi 2006, pet. denied) (causation is required
to show fraud); Abetter Trucking Co. v. Arizpe, 113 S.W.3d 503, 509 (Tex. App.-Houston
[1st Dist.] 2003, no pet.) (causation is required to show breach of fiduciary duty). Under
the public policy articulated by the supreme court in Peeler--and then echoed by our Court
and numerous courts of appeals across the State--Martinez cannot meet this causation
requirement because he has not been exonerated. See Peeler, 909 S.W.2d at 498; see
also Garner v. Redmond, No. 13-02-00658-CV, 2004 Tex. App. LEXIS 7030, at *6-7 (Tex.
App.-Corpus Christi Aug. 5, 2004, pet. denied) (mem. op., not designated for publication). (1)

 Thus, Martinez's claims fail as a matter of law. (2)

IV. Conclusion 

 We AFFIRM the summary judgment of the district court.


 __________________________

 GINA M. BENAVIDES

 Justice


Memorandum Opinion delivered and

filed this the 3rd day of July, 2008.
1. See also Martinez v. Alvarenga, No. 04-07-00283-CV, 2008 Tex. App. LEXIS 1182, at *2 (Tex.
App.-San Antonio Feb. 20, 2008, no pet.) (mem. op., not designated for publication); Butler v. Mason, No.
11-05-00273, 2006 Tex. App. LEXIS 10886, at *3 (Tex. App.-Eastland Dec. 21, 2006, pet. denied) (mem. op.,
not designated for publication); Falby v. Percely, No. 09-04-422-CV, 2005 Tex. App. LEXIS 3373, at *4-5 (Tex.
App.-Beaumont May 5, 2005, no pet.) (mem. op., not designated for publication); Gaines v. Lollar, No.
05-03-001405-CV, 2004 Tex. App. LEXIS 6895, at *6 (Tex. App.-Dallas July 29, 2004, pet. denied) (mem.
op., not designated for publication); In re Hinterlong, 109 S.W.3d 611, 628 (Tex. App.-Fort Worth 2003, no
pet.); Donalson v. Martin, No. 14-01-00977-CV, 2003 Tex. App. LEXIS 8070, at *3 (Tex. App.-Houston [14th
Dist.] Sept. 18, 2003, no pet.) (mem. op., not designated for publication).
2. Martinez's failure to be exonerated prohibits him from maintaining this suit against his lawyer, and
the summary judgment granted by the trial court is properly affirmed on this basis alone. See Zuniga v.
Navarro & Assocs., P.C., 158 S.W.3d 663, 667 (Tex. App.-Corpus Christi 2005, pet. denied) (holding that a
summary judgment may be sustained on any ground submitted in the motion). Therefore, we need not
address whether the actions filed by Martinez are barred by limitations.