

**NUMBER 13-07-293-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**REMIGIO A. MARTINEZ, III,** **Appellant,**

**v.**

**MARK H. WOERNER,** **Appellee.**

---

**On appeal from the 347th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

The appellant in this case, Remigio A. Martinez, III, is an inmate who sued his defense attorney, Mark H. Woerner, for breach of fiduciary duty, fraud, and unconscionable conduct under the Texas Deceptive Trade Practices Act (DTPA). *See* TEX. BUS. & COM. CODE ANN § 17.50(a)(3) (Vernon Supp. 2005). Woerner moved for summary judgment, in part, on the ground that a convicted party cannot satisfy the element of causation in a

claim against his attorney unless he is first exonerated of guilt. The trial court granted the summary judgment, and we affirm.

## I. BACKGROUND

Martinez was arrested on March 16, 2002 for aggravated assault on a public servant, tampering with physical evidence, and possession of cocaine. *See* TEX. PENAL CODE ANN. §§ 22.02 (Vernon 2008), 37.09(a) (Vernon Supp. 2007); TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2008). The trial court appointed Woerner to serve as his counsel.

Martinez stood trial on September 24, 2003. Woerner advised Martinez, a habitual felony offender, to plead guilty to the lesser offense of aggravated assault rather than risk being tried for attempted murder. According to Martinez's brief, Woerner told him that witnesses refused to testify. Martinez also claims that Woerner advised him to plead guilty in order to avoid distressing the arresting officer, who had an embarrassing medical condition that would have been revealed at trial. Martinez did as Woerner advised him, and he pleaded guilty to aggravated assault of a public servant. He was given a twenty-year prison sentence, to be served concurrently with sentences for tampering with evidence and possession.

On May 31, 2005, the court of criminal appeals denied Martinez's application for a writ of habeas corpus. Martinez claims in his brief that his application for the writ was undermined by misrepresentations in Woerner's affidavit, where he stated that Martinez did not contest the underlying charges and that Martinez "threatened to kill" his previous counsel in open court.

2

For all these reasons, Martinez was unsatisfied with Woerner's representation, and on February 12, 2007, he filed suit against Woerner. The suit, however, did not allege legal malpractice; it was for breach of fiduciary duty, fraud, and unconscionable conduct under the DTPA. Woerner moved for summary judgment on two grounds: (1) that Martinez could not maintain a malpractice claim because he had not been exonerated, and in the alternative, (2) the multitude of claims presented by Martinez were essentially a single claim for legal malpractice, which was barred by the two-year statute of limitations. In support of the motion, Woerner attached his affidavit, Martinez's original petition, and the denial of the writ of habeas corpus from the court of criminal appeals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 2007). The trial court granted summary judgment in favor of Woerner without specifying which ground it relied upon. Martinez now appeals.

## II. STANDARD OF REVIEW

In a traditional summary judgment, the movant has the burden to prove there is no genuine issue of material fact and that the movant is entitled to the summary judgment as a matter of law. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005); *Sw. Bell Tel., L.P. v. Ballenger Const. Co.*, 230 S.W.3d 489, 491 (Tex. App.–Corpus Christi 2007, no pet.). We apply a de novo review because "the propriety of summary judgment is a question of law." *Sw. Bell Tel., L.P.*, 230 S.W.3d at 491. "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved for appeal in the interest of judicial economy." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

3

### III. ANALYSIS

A longstanding public policy in Texas prohibits a convicted criminal defendant from suing his lawyer and seeking damages for the conviction unless he has first been exonerated. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). The principle behind this policy is that when a criminal defendant has been convicted, the "cause" of the conviction is not the lawyer's inadequacy, it is the party's criminal action. *Id.* The *Peeler* court reasoned as follows:

> [A]llowing civil recovery for convicts impermissibly shifts responsibility for the crime away from the convict. This opportunity to shift much, if not all, of the punishment assessed against convicts for their criminal acts to their former attorneys, drastically diminishes the consequences of the convicts' criminal conduct and seriously undermines our system of criminal justice.

*Id. Peeler* did not hold that a convicted party may never sue his defense attorney, but it did impose the limitation that a party may "negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction *only if they have been exonerated* on direct appeal, through post-conviction relief, or otherwise." *Id.* at 497-98 (emphasis added). That limitation does not apply in this case.

Martinez has made three claims—breach of fiduciary duty, fraud, and unconscionable conduct under the DTPA. All of these claims are torts which cannot be maintained unless the plaintiff establishes causation. *See, e.g., Peeler*, 909 S.W.2d at 498 (causation is required to show a DTPA claim); *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 141 n.5 (Tex. App.–Corpus Christi 2006, pet. denied) (causation is required to show fraud)*; Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 509 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (causation is required to show breach of fiduciary duty). Under

4

the public policy articulated by the supreme court in *Peeler*—and then echoed by our Court and numerous courts of appeals across the State—Martinez cannot meet this causation requirement because he has not been exonerated. *See Peeler*, 909 S.W.2d at 498; *see also Garner v. Redmond*, No. 13-02-00658-CV, 2004 Tex. App. LEXIS 7030, at *6-7 (Tex. App.–Corpus Christi Aug. 5, 2004, pet. denied) (mem. op., not designated for publication).[1]

Thus, Martinez's claims fail as a matter of law.[2]

## IV. CONCLUSION

We AFFIRM the summary judgment of the district court.

_____
GINA M. BENAVIDES
Justice

Memorandum Opinion delivered and
filed this the 3rd day of July, 2008.

---

[1] *See also Martinez v. Alvarenga*, No. 04-07-00283-CV, 2008 Tex. App. LEXIS 1182, at *2 (Tex. App.–San Antonio Feb. 20, 2008, no pet.) (mem. op., not designated for publication); *Butler v. Mason*, No. 11-05-00273, 2006 Tex. App. LEXIS 10886, at *3 (Tex. App.–Eastland Dec. 21, 2006, pet. denied) (mem. op., not designated for publication); *Falby v. Percely*, No. 09-04-422-CV, 2005 Tex. App. LEXIS 3373, at *4-5 (Tex. App.–Beaumont May 5, 2005, no pet.) (mem. op., not designated for publication); *Gaines v. Lollar*, No. 05-03-001405-CV, 2004 Tex. App. LEXIS 6895, at *6 (Tex. App.–Dallas July 29, 2004, pet. denied) (mem. op., not designated for publication); *In re Hinterlong*, 109 S.W.3d 611, 628 (Tex. App.–Fort Worth 2003, no pet.); *Donalson v. Martin*, No. 14-01-00977-CV, 2003 Tex. App. LEXIS 8070, at *3 (Tex. App.–Houston [14th Dist.] Sept. 18, 2003, no pet.) (mem. op., not designated for publication).

[2] Martinez's failure to be exonerated prohibits him from maintaining this suit against his lawyer, and the summary judgment granted by the trial court is properly affirmed on this basis alone. *See Zuniga v. Navarro & Assocs., P.C.*, 158 S.W.3d 663, 667 (Tex. App.–Corpus Christi 2005, pet. denied) (holding that a summary judgment may be sustained on any ground submitted in the motion). Therefore, we need not address whether the actions filed by Martinez are barred by limitations.