ACCEPTED
03-15-00285-CV
6504860
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/14/2015 2:09:28 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00285-CV

_____

**IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/14/2015 2:09:28 PM
JEFFREY D. KYLE
Clerk

_____

**VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI OF AMERICA, INC.,**

*Appellants*,

**v.**

**JOHN WALKER III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board, and the HONORABLE MICHAEL J. O'MALLEY, and the HONORABLE PENNY A. WILKOV, in their Official Capacities as Administrative Judges for the State Office of Administrative Hearings,**

*Appellees*.

_____

**On Appeal from the 353rd District Court, Travis County, Texas**

_____

### JOHN WALKER, III'S APPELLEE BRIEF

_____

**KEN PAXTON**
**Attorney General of Texas**

**CHARLES E. ROY**
**First Assistant Attorney General**

**JAMES E. DAVIS**
**Deputy Attorney General for
Civil Litigation**

**DAVID A. TALBOT, JR.**
**Chief, Administrative Law Division**

**ORAL ARGUMENT REQUESTED**

**DENNIS M. MCKINNEY**
**Assistant Attorney General**
**State Bar No. 13719300**
**OFFICE OF THE TEXAS ATTORNEY GENERAL**
**ADMINISTRATIVE LAW DIVISION**
**P.O. Box 12548**
**Austin, Texas 78711-2548**
**Telephone: (512) 475-4020**
**Facsimile: (512) 320-0167**
**dennis.mckinney@texasattorneygeneral.gov**
*Attorneys for John Walker III*

## IDENTITY OF PARTIES AND COUNSEL

**Parties to the Trial Court's Order:**

*Defendants/Appellees:*    John Walker III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board

The Honorable Michael J. O'Malley, and the Honorable Penny A. Wilkov, in their Official Capacities as Administrative Law Judgment for the State Office of Administrative Hearings

*Intervenors/ Appellees:*    Ricardo Weitz, Hi Tech Imports North, LLC, Hi Tech Imports South, LLC, Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin

*Plaintiffs/Appellants:*    Volkswagen Group of America, Inc., and Audi of America, Inc.

_____

**Counsel:**

*For Appellee Walker*:

Dennis M. McKinney
Assistant Attorney General
State Bar No. 13719300
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548
Austin, Texas  78711-2548
Telephone:  (512) 475-4020
Facsimile:   (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov

*For Appellees O'Malley and Wilkov*:

Kimberly Fuchs
Assistant Attorney General
State Bar No. 24044140
Chief, Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

*For Appellees Ricardo Weitz, et al.*:

J. Bruce Bennett
Cardwell, Hart & Bennett
State Bar. No. 02145500
807 Brazos Suite 1001
Austin, Texas 78701
jjb.chblaw@abcglobal.net
Telephone: (512) 322-0011
Facsimile: 512-322-0808

William R. Crocker
State Bar. No. 05091000
P.O. Box 1418
Austin, Texas 78767
crockerlaw@earthlink.net
Telephone: (512) 478-5611
Facsimile: 512-474-2540

*For Appellants*:

BAKER & HOSTETLER LLP
Billy M. Donley
State Bar No. 05977085
Mark E. Smith
State Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600 (Telephone)
(713) 751-1717 (Facsimile)
bdonley@bakerlaw.com
mesmith@bakerlaw.com

KING & SPALDING
S. Shawn Stephens
State Bar No. 19160060
James P. Sullivan
State Bar No. 24070702
1100 Louisiana Suite 4000
Houston, Texas  77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ............................................................................. v

INDEX OF AUTHORITIES ......................................................................... vi

RECORD AND PARTY REFERENCES ........................................................ ix

STATEMENT REGARDING ORAL ARGUMENT .......................................... x

STATEMENT OF FACTS ............................................................................ x

ISSUES PRESENTED FOR REVIEW .......................................................... xii

STANDARD OF REVIEW ........................................................................... 2

SUMMARY OF THE ARGUMENT .............................................................. 2

ARGUMENT ............................................................................................. 3

A.    The trial court properly granted Walker's Plea to the Jurisdiction. ................ 3

B.    Remand of the matter to SOAH for consideration of additional
      evidence was not an ultra vires act. ........................................................... 9

C.    The remand order complies with the motion to remand the case as
      passed by the Board. .............................................................................. 11

CONCLUSION AND PRAYER .................................................................... 12

CERTIFICATE OF COMPLIANCE ............................................................. 13

CERTIFICATE OF SERVICE ..................................................................... 14

APPENDIX ............................................................................................. 16

# INDEX OF AUTHORITIES

**Cases**

*Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. O'Connor & Assoc.*, 267 S.W.3d 413 (Tex. App.—Houston [14th Dist.] 2008, no pet.)......................................................................................................7

*Bd. of Trustees of Galveston Wharves v. O'Rourke*, 405 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ...................................8

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) ..................5

*Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 156 S.W.3d 91 (Tex. App.—Austin 2004, pet. denied) ........................6

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .......................... xii, 5, 6

*Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.,* 294 S.W.3d 276 (Tex. App.—Austin 2009, no pet.) .........................................................7, 8

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.) ............................9

*Dir. of Dep't of Agric. & Envtl. v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264 (Tex. 1980)..................................................................9

*El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.,* 8 S.W.3d 309 (Tex. 1999) ........................................................................................2

*Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied).....................................7

*Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985).....................................4

*N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455 (Tex. App.—Austin 1992, writ denied) .......................................................8

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)..........................7

*Quick v. City of Austin*, 7 S.W.3d 109 (Tex. 1998) .................................................2

*Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006). .....................5

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ..........4, 5

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).............2

*Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105 (Tex. App.
—Austin 2007, no pet.).........................................................................................8

*Tex. State Bd. Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696
(Tex. App.—Austin 2004, no pet.) ......................................................................5

*Thomas v. Long,* 207 S.W.3d 334 (Tex. 2006) ........................................................5

**Statutes**

Tex. Govt' Code § 2001.058....................................................................................10

Tex. Gov't Code § 2001.144(2)..................................................................................3

Tex. Gov't Code § 2001.145....................................................................................3, 4

Tex. Gov't Code § 2001.146..................................................................................... 4

Tex. Occ. Code § 2301.151 ......................................................... x, 6, 9, 10

Tex. Occ. Code § 2301.153 .......................................................................................6

Tex. Occ. Code § 2301.359 ....................................................................................6, 8

Tex. Occ. Code § 2301.360 ....................................................................................6, 8

Tex. Occ. Code § 2301.458 ....................................................................................6, 8

Tex. Occ. Code § 2301.702 ................................................................10

Tex. Occ. Code § 2301.709 ............................................................9, 10

Tex. Occ. Code § 2301.709(b).........................................................10

Tex. Occ. Code § 2301.709(c)...........................................................7

Tex. Occ. Code § 2301.709(d)...........................................................7

Tex. Occ. Code § 2301.751 ................................................................10

## RECORD AND PARTY REFERENCES

References to the clerk's record will be referred to as "CR ____."

The reporter's record will be referred to as "RR (Vol. ___)  ____."

Appellee, John Walker III, will be referred to as "Walker" or "the Board".

Appellees, Honorable Michael J. O'Malley, and Honorable Penny A. Wilkov, will be collectively referred to as "SOAH Appellees."

Appellants, Volkswagen of America, Inc. and Audi of America, Inc., will be collectively referred to as "Audi," or "Appellants."

Appellees Ricardo Weitz, Hi Tech Imports North, LLC, Hi Tech Imports south, LLC, Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin will be collectively referred to as the "Weitz Appellees" or "Intervenors."

## STATEMENT REGARDING ORAL ARGUMENT

There is no need for the Court to entertain oral argument in this case because the issues in this appeal have been settled through prior case rulings. However, if the Court determines that it would benefit from oral argument then Appellee requests it be allowed to present argument as well as Appellant.

## STATEMENT OF FACTS

Although Appellants' Statement of Facts contains the operative facts of the case it also contains improper argument and mischaracterizations of the facts that make it impossible for Appellee Walker to adopt such Statement of Facts. The operative facts of the case that are pertinent to this appeal are as follows:

Appellants and the Weitz Appellees are in a dispute over the proposed sale and transfer of two Austin, Texas, Audi dealerships. CR 367-369. The Board has the statutory authority to resolve such disputes. Tex. Occ. Code § 2301.151, et seq. The dispute was submitted to the Board for a resolution and the Board subsequently referred the case to SOAH for trial. CR 399-502. The SOAH Appellees then issued a Proposal for Decision recommending that the Board issue a final decision rejecting the proposed transferees, (the Weitz Appellees). CR 399-502. The Board issued a final order dismissing the case for a lack of jurisdiction. CR 503-505.

Rehearing was granted by the Board pursuant to a motion for rehearing filed by the Weitz group. CR 1647-1667 and 1794. Upon such rehearing, the Board voted to remand the case to SOAH for further proceedings, including consideration of an April 30, 2013, letter between the parties to the dispute. CR 168-169. The letter in question is attached hereto as Appendix Tab 8. On February 13, 2015, Walker signed an Interim Order remanding the case to SOAH for further proceedings. CR 1634-1635. Appellant Audi filed a suit in district court in Travis County, Texas, alleging ultra vires acts in the remand of the case and the reopening of evidence at SOAH and seeking to enjoin the remanded SOAH proceedings from going forward. CR 117-148. After the denial of a request for temporary restraining order, Walker filed his Plea to the Jurisdiction alleging the doctrine of sovereign immunity protected him and the Board from suit. CR 821-827. The trial court granted the Pleas to the Jurisdiction and dismissed the case for want of subject matter jurisdiction. CR 2030-2031. Audi then filed this appeal and sought temporary relief to prevent SOAH from taking further action on the remanded case. Such request for temporary relief was denied by this Court on July 8, 2015.

# ISSUES PRESENTED FOR REVIEW

1.     Defendants/Appellees were sued in their official capacities for *ultra vires* acts as required by the Supreme Court's *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70, 73 (Tex. 2009) decision. Did the trial court err by dismissing this case since the Defendants/Appellees were not entitled to governmental immunity because their actions (reopening evidence and ordering/conducting a remand of the administrative Contested Case after a PFD had issued) exceeded their statutory powers?

2.     Did the trial court err by dismissing the case below since the Texas Supreme Court has held that exhaustion of administrative remedies is not required where, as here, a government official's actions exceed his or her powers?

Since both of Appellants' issues set forth above contain self-serving argument and can be combined into one issue, both will be addressed herein as one in the following manner:

**A.    The trial court properly granted Walker's Plea to the Jurisdiction.**

**B.    Remand of the matter to SOAH for consideration of additional evidence was not an ultra vires act.**

**C.    The remand order of the Board complies with motion to remand the case as it was passed by the Board.**

_____

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

_____

**VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI OF AMERICA, INC.,**

*Appellants,*

**v.**

**JOHN WALKER III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board, and the HONORABLE MICHAEL J. O'MALLEY, and the HONORABLE PENNY A. WILKOV, in their Official Capacities as Administrative Judges for the State Office of Administrative Hearings,**

*Appellees.*

_____

**On Appeal from the 353rd District Court, Travis County, Texas**

_____

**JOHN WALKER, III'S APPELLEE BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellee, John Walker III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board ("Walker"), by and through the Office of the Attorney General of Texas and the undersigned Assistant Attorney General, submits the following brief in the above-captioned appeal.

1

**STANDARD OF REVIEW**

A question of law is reviewed de novo. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.,* 8 S.W.3d 309, 312 (Tex. 1999). Therefore, the granting of a plea to the jurisdiction shall be reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In a de novo review, the reviewing court conducts a review of the record to make its own legal determinations and conclusions. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

**SUMMARY OF THE ARGUMENT**

The trial court does not have subject matter jurisdiction of this case because there is no final order of the Board and no motion for rehearing has been denied. The order being complained of by Appellants is an interim order. Therefore, Appellants have not exhausted their administrative remedies and the trial court has no jurisdiction of this case. Until a motion for rehearing is overruled, the administrative order is not a final and appealable order. In short, the Appellants sought to enjoin the administrative process where there is not a final decision.

Appellee Walker and the Board's action in remanding the case to SOAH for the consideration of additional evidence was not an *ultra vires* act. The Legislature endowed upon the Texas Department of Motor Vehicles ("TxDMV") the exclusive jurisdiction to determine disputes between manufacturers and dealers concerning

2

sales of automobile dealerships within the State of Texas. Appellants allege the remand order was ultra vires because that power was not specified by statute. However, TxDMV's jurisdiction over manufacturer/ dealer disputes is undisputed. The fact that TxDMV's Board made a decision that Appellants did not like does not make that decision *ultra vires*. Even if the remand order was given in error, Appellants have a legal remedy to correct such alleged mistake by virtue of its suit for judicial review upon the issuance of a final order of the Board.

## ARGUMENT

**A.    The trial court properly granted Walker's Plea to the Jurisdiction.**

The trial court does not have subject matter jurisdiction of this case because there is no final order of the Board and no motion for rehearing has been denied. The order of remand being complained of by Appellants is an interim order. CR 168-169. Appellants have not exhausted their administrative remedies and the trial court properly dismissed the case for lack of subject matter jurisdiction of this case. Tex. Gov't Code § 2001.145 states that a timely filed Motion for Rehearing is a prerequisite to the filing of an appeal of an administrative order. Tex. Gov't Code § 2001.144(2) states that when a motion for rehearing is timely filed a decision is final when "(A) the order overruling the motion for rehearing is rendered; or (B) the motion is overruled by operation of law."

3

Tex. Gov't Code § 2001.146 provides that a motion for rehearing is overruled as a matter of law if, in the absence of a date fixed by order, no order on the motion for rehearing is rendered within 90 days after the date the party received notice of the decision. Until a motion for rehearing is overruled, the administrative order is not a final and appealable order. The Appellants continue to seek to enjoin the administrative process, their legislatively mandated legal remedy, but there is not a final decision until such time as the Motion for Rehearing is overruled, by order or as a matter of law. Until such time, said decision by the Board is not a final and appealable order as provided in the Administrative Procedures Act. Tex. Gov't Code § 2001.145. In this case, Appellants seek to enjoin the enforcement of an administrative order prior to the issuance of a final order, much less the disposition of a motion for rehearing. This action is inappropriate because the trial court cannot obtain jurisdiction over the dispute until the Appellants have exhausted their administrative remedies. *See Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985). This matter is just not ripe for adjudication because the administrative process is not completed.

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). In any lawsuit, a plaintiff must allege facts that affirmatively demonstrate the

4

court's jurisdiction to hear the cause of action. *Id.* at 446. A plea to the jurisdiction is the vehicle through which a party contests the trial court's authority to determine the subject matter of a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a plea to the jurisdiction is to dismiss a cause of action without regard to whether it has merit. *Id.* Sovereign immunity from suit deprives a court of subject matter jurisdiction if jurisdictional prerequisites are not followed. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). When an administrative agency has exclusive jurisdiction over a dispute dismissal of the action is mandatory. *Thomas v. Long,* 207 S.W.3d 334, 340 (Tex. 2006). Plaintiffs' claims for declaratory relief against Walker are barred because, in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), the Texas Supreme Court expressly held that *ultra vires* suits for declaratory relief may only be brought against state officials in their official capacities and not against the state itself or its agencies. *Heinrich*, 284 S.W.3d at 372-73; *accord Tex. State Bd. Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696 (Tex. App.—Austin 2004, no pet.), at *2 n.10. These *ultra vires* acts must either involve actions that exceed that state official's authority or involve a refusal to perform a purely ministerial act. Suit for *ultra vires* acts will not lie when an official is required to exercise his or her discretion in the performance of his or her duties.

5

*Heinrich* at 372. Here, all of Appellants' claims for declaratory relief are premised on alleged *ultra vires* acts involving the Board's decision to remand the administrative case to SOAH for consideration of additional evidence. Appellants claim that the Board exceeded its authority by remanding the matter to SOAH for further evidence. Clearly, the actions of Walker and the Board in the administrative process did not exceed their statutory authority in as much as TxDMV and it's Board are granted exclusive jurisdiction to over all aspects of the distribution and sale of motor vehicles in the State of Texas, including original jurisdiction to determine its own jurisdiction. Tex. Occ. Code § 2301.151. *See* Appendix Tab 1. Specifically, the Board may take "any action that is specifically designated or implied under [Chapter 2301] or that is necessary or convenient to the exercise of the power and jurisdiction granted under Subsection (a). Tex. Occ. Code § 2301.151. Additionally, "the board has all powers necessary, incidental, or convenient to perform a power or duty expressly granted under this chapter." Tex. Occ. Code § 2301.153. *See* Appendix Tab 2. TxDMV and it's Board are further vested with authority to regulate all aspects of the sales of dealerships and dealership/manufacturer disputes. Tex. Occ. Code §§ 2301.359, 2301.360, 2301.458. *See* Appendix Tabs 3 and 4. *See also Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 156 S.W.3d 91 (Tex. App.—Austin

6

2004, pet. denied). In the dispute between Appellants and the Weitz Appellees, the Legislature has given the Board the unambiguous authority to rule on all issues. The Board's remand order in this case cannot be *ultra vires* since it related directly to the dispute over the sale of the Audi dealerships in question and was conducive to the issuance of a final order as that power was granted to the Board in Tex. Occ. Code § 2301.709(c). *See* Tex. Occ. Code § 2301.709(d). *See* Appendix Tab 5. An action is *ultra vires* only when an agency issues an order completely outside its statutory jurisdiction or "without any authority whatsoever." *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The *ultra vires* exception to the requirement of exhaustion of administrative remedies only applies when "the administrative agency lacks jurisdiction. *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. O'Connor & Assoc.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Mere mistakes or errors in procedure in the exercise of the Board's authority do not render the Board's action *ultra vires*. *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d at 528; *Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.,* 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.). Appellants claim the Board made a mistake in remanding the case to SOAH

7

because it did not have statutory authority to do so. It is clear that the Board has exclusive jurisdiction over manufacturer/dealership disputes. Tex. Occ. Code §§ 2301.359, 2301.360, 2301.458. Even assuming *arguendo* that the Board made a mistake in issuing such order, it had clear statutory jurisdiction to rule on the dispute. It is not *ultra vires* for an agency to incorrectly interpret the law nor does the mere allegation of *ultra vires* acts avoid the sovereign immunity enjoyed by State entities. *Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.*, 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.). "The fact that the [agency] might decide 'wrongly' in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision." *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 458-59 (Tex. App.—Austin 1992, writ denied). Further, rulings in the administrative process necessarily involve the exercise of statutory discretion by the agency officials, so the *ultra vires* exception to the doctrine of sovereign immunity is not implicated.

Finally, the trial court lacks jurisdiction over this matter because Appellants seek to control State action in contravention of the doctrine of sovereign immunity. *Bd. of Trustees of Galveston Wharves v. O'Rourke*, 405 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 118 (Tex. App.—Austin 2007, no pet.). A suit seeks to control state

8

action when the trial court's judgment would **"effectively direct or control a government official in the exercise of his or her statutory authority."** (Emphasis added). *Dir. of Dep't of Agric. & Envtl. v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264 (Tex. 1980). In this case, Appellants sought an order of the trial court enjoining Appellees Walker and the SOAH Appellees from taking any further action in the administrative process. CR 117-148. When a suit alleges "acts within the officer's legal authority and discretion, the claim seeks to control state action, and is barred by sovereign immunity." *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515-516 (Tex. App.—Austin 2010, no pet.). This suit is clearly attempting to control state action in as much as Audi was seeking an order from the trial court directing Walker and SOAH how to proceed in an administrative process that is solely within their statutory purview and is, therefore, barred by sovereign immunity.

B.     **Remand of the matter to SOAH for consideration of additional evidence was not an ultra vires act.**

While no statute specifically authorizes the Board to issue a remand order such as the one in question, the broad powers granted to the Board by Tex. Occ. Code § 2301.151 and § 2301.709 allow the Board to take any action it deems advisable to aid in the resolution of the dispute. Consideration of the April 30, 2013 letter at issue certainly concerned a matter over which the Board had

jurisdiction since the case involved the dispute over the proposed transfer of ownership of the two dealerships. *See* Appendix Tab 8. Perhaps, as alleged by Appellants, the consideration of the April 30th letter violated the Tex. Occ. Code § 2301.709(b) requirement that only evidence presented in a "timely manner" should be reviewed by the Board but the consideration of such evidence was certainly not *ultra vires*. If a mistake was made by including such letter in the evidence reviewed by SOAH then that mistake can by rectified in Appellants' suit for judicial review as provided in Tex. Occ. Code § 2301.751.

Further, the powers granted to the Board by Tex. Occ. Code § 2301.151 and § 2301.709 are specific to the TxDMV and its Board while provisions in the APA, including Tex. Govt' Code § 2001.058, are more general in nature in that they apply broadly to all administrative agency actions at SOAH. Moreover, in the event of a conflict with the Government Code, Chapter 2301 of the Occupations Code will prevail. Tex. Occ. Code §2301.702. *See* Appendix Tab 6. Chapter 2301 allows the Board to take virtually any action necessary to issue a final order and that power cannot be subverted or limited by provisions of the APA as argued by Appellants.

10

**C.** **The remand order complies with the motion to remand the case as passed by the Board.**

Appellants argue that Appellee Walker failed to sign an order that accurately reflected the Board's motion and that the motion did not include consideration the letter in question. However, Appellants ignore the portion of the motion that directs remand "for the reasons outlined by Mr. Duncan" and "for all the reasons set forth" by Mr. Duncan (as well as a determination concerning certain conditions suggested in the PFD). CR 158-159. As General Counsel for TxDMV and the Board, it is undisputed that, prior to the motion being passed, David Duncan had recommended the matter be remanded to SOAH for consideration of the April 30, 2013 letter "to remand to SOAH to consider the document we received in the period between the Board's last action and today". CR 158-159. *See* Appendix Tab 9. Appellants blatantly ignore that portion of the motion that encompassed consideration of the letter ("for the reasons outlined by Mr. Duncan") in question to claim that the remand order did not comport with the corresponding motion passed by the Board. Simply put, the motion to remand the case to SOAH that was passed by the Board included a number of items to be considered, including the April 30, 2013 letter. The remand order signed by Walker comports with the motion. *See* Appendix Tab 7. However, once again, in the event that the remand order somehow does not agree with the motion as argued

11

by Appellants then such alleged defect may be rectified in Appellants' suit for judicial review as was contemplated by the Legislature.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellee Walker respectfully requests that this Court affirm the Trial Court's Order Granting of Walkers' Plea to the Jurisdiction and for such other and further relief to which Appellee may be entitled.

Dated: August 14, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

*/s/ Dennis M. McKinney*
Dennis M. McKinney
Assistant Attorney General
State Bar No. 13719300
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4020
Facsimile: (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov
***Attorneys for Appellee Walker***

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 4,490 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

*/s/ Dennis M. McKinney*
Dennis M. McKinney
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **14th day of August, 2015:**

Billy M. Donley
Mark E. Smith
811 Main Street, Suite 1100
Houston, Texas 77002-6111
bdonley@bakerlaw.com
mesmith@bakerlaw.com

S. Shawn Stephens
James P. Sullivan
King and Spalding
1100 Louisiana Suite 4000
Houston, Texas 77002
Fax 713-751-3290
*Attorney for Appellants Volkswagon Group of America, Inc., and Audi of America, Inc.*

Kimberly Fuchs
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711
kimberley.fuchs@texasattorneygeneral.gov
*Attorney for Appellees the Honorable Michael J. O'Malley and the Honorable Penny A. Wilkov, in their Official Capacities as Administrative Law Judges for the State Office of Administrative Hearings*

J. Bruce Bennett
Cardwell, Hart & Bennett
807 Brazos Suite 1001
Austin, Texas 78701
jjb.chblaw@abcglobal.net
Fax 512-322-0808

14

William R. Crocker
807 Brazos Suite 1014
Austin, Texas 78701
crockerlaw@earthlink.net
Fax 512-474-2540
**Attorneys for Appellees**
**Ricardo M. Weitz, et al**

                                   */s/ Dennis M. McKinney*
                                   Dennis M. McKinney
                                   Assistant Attorney General

_____

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS
_____

**VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI OF AMERICA, INC.,**

*Appellants*,

v.

**JOHN WALKER III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board, and the HONORABLE MICHAEL J. O'MALLEY, and the HONORABLE PENNY A. WILKOV, in their Official Capacities as Administrative Judges for the State Office of Administrative Hearings,**

*Appellees*.

_____

**On Appeal from the 353rd District Court, Travis County, Texas**
_____

### APPENDIX TO JOHN WALKER, III'S APPELLEE BRIEF
_____

1. Texas Occupations Code § 2301.151
2. Texas Occupations Code § 2301.153
3. Texas Occupations Code § 2301.359
4. Texas Occupations Code § 2301.360
5. Texas Occupations Code § 2301.709
6. Texas Occupations Code § 2301.702
7. Remand Order (02/13/2015)
8. April 30, 2013 Letter
9. Pages 13 & 14 from the transcript of the February 13, 2015 Texas Department of Motor Vehicles Board Meeting

# APPENDIX
# TAB 1

Vernon's Texas Statutes and Codes Annotated
Occupations Code (Refs & Annos)
Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
Subtitle A. Regulations Related to Motor Vehicles
Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
Subchapter D. Board Powers and Duties

V.T.C.A., Occupations Code § 2301.151

§ 2301.151. General Jurisdiction of Board

Effective: June 1, 2003

Currentness

(a) The board has the exclusive original jurisdiction to regulate those aspects of the distribution, sale, or lease of motor vehicles that are governed by this chapter, including the original jurisdiction to determine its own jurisdiction.

(b) The board may take any action that is specifically designated or implied under this chapter or that is necessary or convenient to the exercise of the power and jurisdiction granted under Subsection (a).

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2003, 78th Leg., ch. 1276, § 14A.605(a), eff. Sept. 1, 2003.

V. T. C. A., Occupations Code § 2301.151, TX OCC § 2301.151
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# TAB 2

| Vernon's Texas Statutes and Codes Annotated |
| --- |
| Occupations Code (Refs & Annos) |
| Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos) |
| Subtitle A. Regulations Related to Motor Vehicles |
| Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos) |
| Subchapter D. Board Powers and Duties |

V.T.C.A., Occupations Code § 2301.153

§ 2301.153. General Powers of Board

Effective: September 1, 2011

Currentness

(a) Notwithstanding any other provision of law, the board has all powers necessary, incidental, or convenient to perform a power or duty expressly granted under this chapter, including the power to:

(1) initiate and conduct proceedings, investigations, or hearings;

(2) administer oaths;

(3) receive evidence and pleadings;

(4) issue subpoenas to compel the attendance of any person;

(5) order the production of any tangible property, including papers, records, or other documents;

(6) make findings of fact on all factual issues arising out of a proceeding initiated under this chapter;

(7) specify and govern appearance, practice, and procedures before the board;

(8) adopt rules and issue conclusions of law and decisions, including declaratory decisions or orders;

(9) enter into contracts;

(10) execute instruments;

(11) retain counsel;

(12) use the services of the attorney general and institute and direct the conduct of legal proceedings in any forum;

(13) obtain other professional services as necessary and convenient;

(14) impose a sanction for contempt;

(15) assess and collect fees and costs, including attorney's fees;

(16) issue, suspend, or revoke licenses;

(17) prohibit and regulate acts and practices in connection with the distribution and sale of motor vehicles or warranty performance obligations;

(18) issue cease and desist orders in the nature of temporary or permanent injunctions;

(19) impose a civil penalty;

(20) enter an order requiring a person to:

(A) repurchase property under Section 2301.465 and pay costs and expenses of a party in connection with an order entered under that section;

(B) perform an act other than the payment of money; or

(C) refrain from performing an act; and

(21) enforce a board order.

(b) The board may inspect the books and records of a license holder in connection with the performance of its duties under this chapter.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2003, 78th Leg., ch. 1276, § 14A.606(a), eff. Sept. 1, 2003; Acts 2011, 82nd Leg., ch. 1290 (H.B. 2017), § 2, eff. Sept. 1, 2011.

**Editors' Notes**

**REVISOR'S NOTE**

**2012 Main Volume**

Section 3.03(a), V.A.C.S. Article 4413(36), provides that the board "shall have" and "may" exercise the powers granted to it under the act. The revised law omits this provision as unnecessary as the grant of each individual power under the article to the board is sufficient authority for the board to exercise that power, and the specific grant provides whether the power is discretionary or mandatory.

Notes of Decisions (3)

V. T. C. A., Occupations Code § 2301.153, TX OCC § 2301.153
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX

# TAB 3

Vernon's Texas Statutes and Codes Annotated
 Occupations Code (Refs & Annos)
  Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
   Subtitle A. Regulations Related to Motor Vehicles
    Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
     Subchapter H. Dealers

V.T.C.A., Occupations Code § 2301.359

§ 2301.359. Transfer of Ownership by Dealer

Effective: September 1, 2011

Currentness

(a) A dealer must notify the manufacturer or distributor of a vehicle the dealer is franchised to sell of the dealer's decision to assign, sell, or otherwise transfer a franchise or a controlling interest in the dealership to another person. The notice is the application by the dealer for approval by the manufacturer or distributor of the transfer.

(b) Notice under Subsection (a) must:

(1) be in writing and include the prospective transferee's name, address, financial qualifications, and business experience; and

(2) be sent by certified mail, return receipt requested.

(c) The notice must be accompanied by:

(1) a copy of pertinent agreements regarding the proposed assignment, sale, or transfer;

(2) completed application forms and related information generally used by the manufacturer or distributor in reviewing prospective dealers, if the forms are on file with the board; and

(3) the prospective transferee's written agreement to comply with the franchise to the extent that the franchise is not in conflict with this chapter.

(d) Not later than the 60th day after the date of receipt of a notice and application under this section, a manufacturer or distributor shall determine whether a dealer's prospective transferee is qualified and shall send a letter by certified mail, return receipt requested, informing the dealer of the approval or the unacceptability of the prospective transferee. If the prospective transferee is not acceptable, the manufacturer or distributor shall include a statement setting forth the material reasons for the rejection.

(e) A manufacturer or distributor may not unreasonably withhold approval of an application filed under Subsection (a).

(f) An application filed under this section is approved unless rejected by the manufacturer or distributor in the manner provided by this section.

(g) In determining whether to approve an application filed under Subsection (a), a manufacturer or distributor may consider:

(1) the prospective transferee's financial and operational performance as a franchised dealer, if the prospective transferee is or has been a franchised dealer;

(2) the prospective transferee's moral character; or

(3) the extent to which a prospective transferee satisfies any criteria developed by the manufacturer or distributor and made available to the prospective transferee, specifically to determine the business experience and financial qualifications of a prospective transferee.

(h) A manufacturer or distributor may consider the criteria developed under Subsection (g)(3) only if the criteria are in writing, are reasonable, and are uniformly applied in similar situations.

(i) It is unreasonable for a manufacturer or distributor to reject a prospective transferee who is of good moral character and who satisfies the criteria developed under Subsection (g)(3).

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2011, 82nd Leg., ch. 137 (S.B. 529), § 2, eff. Sept. 1, 2011.

Notes of Decisions (6)

V. T. C. A., Occupations Code § 2301.359, TX OCC § 2301.359
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# TAB 4

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
      Subtitle A. Regulations Related to Motor Vehicles
        Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
          Subchapter H. Dealers

V.T.C.A., Occupations Code § 2301.360

§ 2301.360. Review by Board Following Denial of Transfer

Effective: September 1, 2009

Currentness

(a) A dealer whose application is rejected under Section 2301.359 may file a protest with the board. A protest filed under this section is a contested case.

(b) In a protest under this section, the board must determine whether the rejection was reasonable under the criteria described by Section 2301.359. The burden is on the manufacturer or distributor to prove that the prospective transferee is not qualified under the criteria. The board shall enter an order holding that the prospective transferee either is qualified or is not qualified.

(c) If the board's order is that the prospective transferee is qualified, the dealer's franchise is amended to reflect the change in franchisee, and the manufacturer or distributor shall accept the transfer for all purposes.

(d) If the board's order is that the prospective transferee is not qualified, the board may include in the order:

(1) specific reasons why the prospective transferee is not qualified; and

(2) specific conditions under which the prospective transferee would be qualified.

(e) If the board's order that a prospective transferee is not qualified includes specific conditions under which the prospective transferee would be qualified, the board may retain jurisdiction of the dispute for a time certain to allow the dealer and prospective transferee to meet the conditions.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2009, 81st Leg., ch. 684, § 2, eff. Sept. 1, 2009.

Notes of Decisions (2)

V. T. C. A., Occupations Code § 2301.360, TX OCC § 2301.360
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# TAB 5

Vernon's Texas Statutes and Codes Annotated
Occupations Code (Refs & Annos)
Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
Subtitle A. Regulations Related to Motor Vehicles
Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
Subchapter O. Hearings Procedures

V.T.C.A., Occupations Code § 2301.709

§ 2301.709. Review by Board

Effective: September 1, 2013

Currentness

(a) In reviewing a case under this subchapter, the board or a person delegated power from the board under Section 2301.154 may consider only materials that are submitted timely.

(b) The board or a person delegated power from the board under Section 2301.154 may hear such oral argument from any party as the board may allow.

(c) The board or a person delegated power from the board under Section 2301.154 shall take any further action conducive to the issuance of a final order and shall issue a written final decision or order. A majority vote of a quorum of the board is required to adopt a final decision or order of the board.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2007, 80th Leg., ch. 1403, § 3, eff. Sept. 1, 2007; Acts 2013, 83rd Leg., ch. 1135 (H.B. 2741), § 26, eff. Sept. 1, 2013.

Notes of Decisions (7)

V. T. C. A., Occupations Code § 2301.709, TX OCC § 2301.709
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# TAB 6

Vernon's Texas Statutes and Codes Annotated
Occupations Code (Refs & Annos)
Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
Subtitle A. Regulations Related to Motor Vehicles
Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
Subchapter O. Hearings Procedures

V.T.C.A., Occupations Code § 2301.702

§ 2301.702. Conflict With Other Law

Effective: June 1, 2003

Currentness

To the extent of a conflict between this chapter and Chapter 2001, Government Code, this chapter controls.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003.

V. T. C. A., Occupations Code § 2301.702, TX OCC § 2301.702
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX

# TAB 7

## BOARD OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES

Budget Leasing, Inc., d/b/a Audi     §
North Austin and Audi South Austin,     §
Protestants, and Ricardo M. Weitz, Hi Tech     §
Imports North, LLC, Hi Tech Imports     §
South, LLC, Hi Tech Imports LLC,     §
Intervenors     §

    § **MVD DOCKET NO. 13-0008.LIC**

v.     § **SOAH DOCKET NO. 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.LIC**

    §

Volkswagen Group of America, Inc. and     §
Porsche Cars North America, Inc.,     §
Respondents     §

## INTERIM ORDER REMANDING THE CASE TO THE STATE OFFICE OF ADMINISTRATIVE HEARINGS FOR FURTHER PROCEEDINGS

On December 10, 2014, the Board of the Texas Department of Motor Vehicles granted rehearing in this matter. The Board finds that substantial controversies continue to exist and that these controversies require further adjudication at the State Office of Administrative Hearings through the contested case process.

The Board remands this matter to the State Office of Administrative Hearings (SOAH) for supplemental proceedings, limited to the following:

Did Audi receive the letter[1] dated April 30, 2013, from Ricardo M. Weitz to Sally Grimes, and should this letter be added to the record? If so, what effect, if any, does the letter have on the issue of compliance with Tex. Occ. Code, §2301.359 in light of the agency's prior decision in *Gordon Rountree Motors, Ltd. v. Mazda Motors of America*, MVD Docket No. 07-0038 LIC[2]?

While adjudicating this case on remand, SOAH is also directed to review the qualifying conditions set forth in Findings of Fact Nos. 154-158, Intervenors' Motion to Find the Prospective Transferees Qualified[3], and Volkswagen Group of America, Inc. & Audi of America Inc.'s Response to Intervenors' Motion to Find the Prospective Transferees Qualified[4]. At the conclusion of this review, SOAH is directed to provide a specific finding that prospective transferees either are qualified or are not qualified.

---

[1] A copy of which is attached hereto as **Exhibit 1**
[2] A copy of which is attached hereto as **Exhibit 2**.
[3] A copy of which is attached hereto as **Exhibit 3**.
[4] A copy of which is attached hereto as **Exhibit 4**.

Accordingly, the Board requests SOAH conduct supplemental proceedings limited to the taking of evidence and providing the Board with supplemental findings on the foregoing issues. Regarding these supplemental proceedings, the Board holds that SOAH's opinion on retention of jurisdiction is not properly a finding of fact or a conclusion of law. Under Occupations Code, §2301.360(e), the decision to retain jurisdiction after the issuance of the Board's order is at the sole discretion of the Board.

Given the complicated and lengthy nature of the proceedings already conducted by SOAH in this matter, the Board requests that the same administrative law judges who conducted the initial proceedings be assigned to this matter on remand.

The Board strongly urges SOAH to address this matter as expeditiously as possible. To that end, the Board recognizes that accommodations regarding other Board cases may need to be made and the Board authorizes SOAH to do whatever is necessary to fulfill the Board's request to accelerate the adjudication of this matter.

Date: February 13, 2015

John H. Walker, III, Board Chairman,
Texas Department of Motor Vehicles

ATTESTED

Daniel Avitia, Director
Motor Vehicle Division
Texas Department of Motor Vehicles

# APPENDIX
# TAB 8

Enclosure 2

April 30, 2013

Audi North America, Inc.
Southern Region
Attn: Ms. Sally Grimes                                    Via Federal Express
2520 Northwinds Parkway, Suite 500
Alpharetta, GA 30009

Re:     Proposed Buy/Sell – Audi North Austin & Audi South Austin

Dear Sally,

     Budget Leasing, Inc., a Texas corporation (the *"Seller"*), owns and operates Audi of North Austin at 12971 Pond Springs Road, Austin, Texas 78729, and Audi of South Austin at 4738 S. Interstate 35, Austin, Texas 78745 pursuant to dealer agreements with Audi North American, Inc. (collectively, the *"Dealer Agreements"*).

     In connection with the Seller's request for your approval to consummate the transactions contemplated in that certain Dealership Purchase Contract dated December 14, 2012, as amended by the Amendment to Dealership Purchase Contract dated February 9, 2013 (as amended, the *"Agreement"*), please be advised that the undersigned, as the proposed buyer, hereby agrees to comply with the terms of the Dealer Agreements.

     Enclosed, please find Buyer's applications for each dealership.

                                                    Respectfully,

                                                    Ricardo M. Weitz

**Exhibit D**

1792

# APPENDIX

# TAB 9

TEXAS DEPARTMENT OF MOTOR VEHICLES

BOARD MEETING


Friday,
February 13, 2015


Lone Star Room
Building 1
4000 Jackson Avenue
Austin, Texas



BOARD MEMBERS:

Johnny Walker, Chair
Laura Ryan, Vice-Chair
Robert "Barney" Barnwell, III
Luanne Caraway
Blake Ingram
Raymond Palacios
Victor Rodriguez
Marvin Rush
Joseph Slovacek

**Exhibit K to Original Petition** 154

were proper as this matter was and still is a contested case, subject to the board's authority and the board's September 12 order was never final and appealable.

Since the September meeting, the staff was made aware of and received a copy of a document that may satisfy the statutory requirement that was discussed in the September board meeting. Because that item is clearly missing from the SOAH record, it's the staff's position that the most appropriate outcome is to remand the matter to SOAH so that the document can be considered by the SOAH judges. The further adjudication referred to in the board's December 10 order requires a remand to SOAH because TxDMV hearing functions, including the collection of evidence and the findings and conclusions of law, are generally delegated to SOAH administrative law judges in accordance with Texas Occupations Code, Section 2301.704(a).

All the parties to this case were provided with copies of the staff's recommendation and the accompanying documents in advance of today's meeting, and the staff has prepared a draft order in line with that for your consideration.

I've got with me Mr. Daniel Avitia, the director of the Motor Vehicle Division, in case there are any technical questions regarding the Motor Vehicle

**Exhibit K to Original Petition** 158

Division position on this, and we're available to answer any questions.

MR. SLOVACEK: What is the staff's recommendation?

MR. DUNCAN: To remand to SOAH to consider the document that we received in the period between the board's last action and today.

MR. SLOVACEK: Mr. Chairman, I make a motion that we remand to SOAH, for the reasons outlined by Mr. Duncan, this entire case, for all the reasons set forth, to determine whether the interveners have, in fact, satisfied the conditions of the proposal for decision.

MR. PALACIOS: I second the motion.

MR. WALKER: We have a motion by Member Slovacek and we have as second by Raymond Palacios. Do we have any comments or any questions by any of the board members?

(No response.)

MR. WALKER: If so, I'd like to call a vote. All in favor of the motion?

MR. SLOVACEK: Point of order. You said you were going to allow the people to talk about it.

MR. WALKER: I'm sorry. You're right, you're right.

MR. SLOVACEK: Not that I think you ought to